704 So.2d 307 (1997)
STATE of Louisiana
v.
Ray HOLLINS.
No. 97-KA-627.
Court of Appeal of Louisiana, Fifth Circuit.
November 25, 1997.
*308 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Research and Appeals, Gretna, for Appellee State.
Bruce G. Whittaker, Louisiana Appellate Project, Gretna, for Appellant Ray Hollins.
Before BOWES, CANNELLA and DALEY, JJ.
CANNELLA, Judge.
Defendant, Ray Hollins, appeals from his conviction of possession of cocaine with intent to distribute, a violation of La. R.S. 40:967 A, and his sentence, as an habitual offender, to life in prison at hard labor, without benefit of parole, probation or suspension of sentence. For the reasons which follow, we affirm.
At 3:00 p.m. on March 18, 1996, Jefferson Parish sheriff's deputies, Michael Brocato (Brocato) and Antonio Frere (Frere)[1] set up a drug surveillance on Elm Street, on the east bank of Jefferson Parish. This street is in a residential neighborhood known to the officers as a high crime area. The officers parked and exited their unmarked police unit and observed the area from a concealed position.
The officers saw Tyronne Sara (Sara), Kerry Tate (Tate) and defendant, Ray Hollins, forty to fifty feet away in an alley between two apartment complexes. In a span of twelve to fifteen minutes, the officers witnessed three transactions. First, Tate flagged down a vehicle and took what appeared to be money from the driver. Tate then went into the alley where defendant waited. Sara then went to the car and gave the driver an unknown object.[2] Sara flagged down a second vehicle and Sara approached it, taking money from the driver. Sara then gave the driver change from his own pocket and walked to the alley, where defendant waited. Sara gave defendant the money and defendant gave Sara a small unknown object. Sara gave the object to Tate, who in turn gave it to the driver. Tate flagged down a third car and the subjects followed the same pattern as they had in the first transaction. Defendant did not leave the alley during any of the three transactions.
The officers returned to their car and drove to where the three subjects stood. Frere ordered Tate and Sara to kneel and put their hands on a nearby parked car. Brocato ordered defendant to walk toward him. Defendant did not comply immediately, but instead walked around the front of the parked car. The officers saw defendant throw something under the car. Reaching underneath the vehicle, Frere retrieved a plastic bag containing what appeared to be a "slab" of crack cocaine as well as several individual rocks of crack cocaine.[3] The officers frisked each of the subjects, but did not seize any money or additional cocaine. Defendant and his companions were arrested.
On April 4, 1996, the Jefferson Parish District Attorney filed a bill of information charging defendant with possession of cocaine with intent to distribute. Defendant was arraigned on April 15, 1996 and pled not guilty. Defendant was tried by a twelve person jury on January 28 and 29, 1997. On January 29th, the jury returned a verdict of guilty, as charged. On February 5, 1997, the trial court sentenced defendant to twenty-five years at hard labor. On the same day defendant moved for, and was granted, an appeal.
The state filed an habitual offender bill of information on March 6, 1997, alleging that defendant was a third felony offender. On April 10, 1997, defendant was arraigned on the habitual offender bill and denied the allegations in the bill. After a hearing as an habitual offender on June 13, 1997, the trial court found defendant to be a third felony offender. On the same day, the trial court vacated defendant's original sentence and imposed *309 an enhanced sentence of life in prison at hard labor, without benefit of parole, probation or suspension of sentence, with credit for time served. Defendant filed a motion to reconsider sentence, which was denied. Defendant filed a second motion for appeal on June 13, 1997, which was granted.
On appeal, defendant assigns one error and requests that the court review the case for any errors patent.
Defendant argues that the trial court erred in denying him the opportunity to confront and cross-examine one of his essential accusers at trial. More specifically, defendant contends that the trial court erred in denying him the opportunity to question the state witness, Frere, about his suspension from the Jefferson Parish Sheriff's Office.
In argument, out of the jury's presence, the prosecutor and defense counsel explained to the trial court that Frere had been suspended for physically beating a New Orleans police officer whom he had wrongfully arrested. Defense counsel asserted that he should be allowed to use this information to impeach Frere's truthfulness. The trial court ruled that defendant would not be allowed to question Frere about his suspension, because it was an accusation, not a conviction. The trial court further ruled that the state could not represent that Frere was still an officer in good standing. Defense counsel lodged an objection to the trial court's ruling.
The Sixth Amendment to the United States Constitution guarantees the right of the accused in a criminal prosecution "to be confronted with the witnesses against him." Additionally, the confrontation clause of the Louisiana Constitution directly affords the accused the right to "confront and cross-examine the witness against him ...". La. Const. art. I, Sec. 16.
The right to impeach a witness for bias or interest is encompassed in the right of confrontation, and is specifically dictated by La. C.E. art. 607 D. However, La. C.E. art. 608 B provides: "Particular acts, vices, or courses of conduct of a witness may not be inquired into or proved by extrinsic evidence for the purpose of attacking his character for truthfulness, other than conviction of a crime as provided in Articles 609 and 609.1 or as constitutionally required." Furthermore, La. C.E. art. 609.1 provides, in pertinent part:
A. In a criminal case, every witness by testifying subjects himself to examination relative to his criminal convictions, subject to limitations set forth below.
B. Generally, only offenses for which the witness has been convicted are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, an indictment, a prosecution, or an acquittal.
Therefore, we find that evidence of Frere's suspension was inadmissible for impeachment purposes under articles 608 B and 609.1 B because it did not involve a conviction.[4]State v. Perron, 94-0761, p. 4 (La.App. 4 Cir. 12/27/96), 686 So.2d 994, 997, writ denied, 97-0090 (La.1/24/97), 686 So.2d 869; State v. Jackson, 629 So.2d 1374, 1382 (La. App. 2 Cir.1993), writ denied, 94-0201 (La.5/6/94), 637 So.2d 1046. See also State v. Cureaux, 93-0838 (La.App. 4 Cir. 10/27/94), 645 So.2d 1215, writ denied, 94-2899 (La.3/24/95), 651 So.2d 287. In Cureaux the court found that newly discovered evidence, that an officer who testified against the defendant had been suspended from the police department, did not warrant a new trial since such evidence was inadmissible under article 608 B. Based on the foregoing, we find that this assignment of error lack merit.
Defendant also requested that the court review the record for all errors patent on the face of the record. The record in this case was so reviewed and no errors patent were found.
Accordingly, for the reasons set forth above, defendant's conviction for possession of cocaine with intent to distribute and his sentence as a third felony offender to life in prison at hard labor without benefit of parole, *310 probation or suspension of sentence, with credit for time served are affirmed.
AFFIRMED.
NOTES
[1] In some places in the transcript, the officer's name is spelled Friere. However, in the heading to his testimony, his name is spelled Frere.
[2] Frere testified that he did not see Tate hand anything to defendant, nor did he see defendant hand anything to Sara. Brocato testified that he saw defendant give objects to his companions, but that he could not see what the objects were.
[3] The parties stipulated at trial that the substance seized was crack cocaine.
[4] If Frere had testified at trial that he was an employee in good standing of the sheriff's office, defendant could have impeached him with extrinsic evidence that he had in fact been suspended. Frere did not, however, represent that he was still employed by the sheriff's office.