708 So.2d 1212 (1998)
STATE of Louisiana
v.
John McCORKLE.
No. 97-KA-966.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 1998.
*1214 Paul D. Connick, Jr., Terry M. Boudreaux, District Attorney's Office, Gretna, for Plaintiff/Appellee State.
Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, for Defendant/Appellant John McCorkle.
Before GRISBAUM, BOWES and DUFRESNE, JJ.
BOWES, Judge.
The defendant, John McCorkle, was convicted of one count of possession of cocaine in violation of La. R.S. 40:967(C). He was sentenced to five years imprisonment at hard labor. Defendant now appeals. For the following reasons, we affirm the defendant's conviction and sentence.

FACTS
On October 12, 1996, Officer Elston Cutino testified that he and Officer Buquet of the Westwego Police Department were on routine patrol in their marked unit. At approximately 2:00 a.m. the officers were parked in the parking lot of Shiloh Baptist Church, which is at the corner of Klein Street and Fourth Street in Westwego, Louisiana. Officer Cutino observed ¶ 2a car pass the parking lot on Fourth Street and then the car turned onto Klein Street. The car's muffler was dragging and smoking and making a lot of noise. The officers pulled out behind the car, and followed it as the driver made a left turn onto River Road. The officers noticed that the driver began acting in a suspicious manner, "as if he was (sic) putting something between his legs." At that point, Officer Cutino turned on the red and blue police lights and pulled the driver over. Defendant, who was the driver of the car, exited the car before Officer Cutino had a chance to order him to stay inside.
Officer Cutino requested defendant's driver's license, registration and proof of insurance. Defendant was able to produce only his driver's license. While Officer Buquet checked defendant's name through the N.C.I.C. police computer, Officer Cutino walked over to defendant's car and shined his flashlight in the car. Officer Cutino testified that he saw two small, off-white objects that appeared to be crack-cocaine and a piece of Brillo pad on the driver's seat. He further testified that he shined his flashlight around inside the car, and saw a "crackpipe" on the floorboard of the car. Officer Cutino seized these items from the car.
These items (granular material and "crackpipe") subsequently tested positive for cocaine.
Virgie McCorkle, defendant's mother, testified at trial that defendant lives at her home and that no one in her family owns a *1215 1982 beige Mazda. ¶ 3Mr. Loris Ausama testified for the defense and stated that he is in the "dirt-hauling" business and that defendant was employed by him in October 1996. He further testified that at approximately 3:00 a.m. on October 12, 1996, defendant was supposed to meet him in Bridge City to get a truck.

ANALYSIS
On appeal, the defendant alleges five assignments of error, namely that:
1. The Trial Court erred by not allowing the defendant full voir dire of the jurors.
2. The Trial Court erred by failing to suppress an illegally obtained statement and this resulted in reversible error.
3. The Trial Court erred by allowing the state to go beyond the scope of proper closing argument and rebuttal.
4. The Trial Court erred by not granting the defendant's Motion for New Trial.
5. The Trial Court erred in imposing an excessive sentence which amounted to cruel, unusual and excessive

VOIR DIRE
The defendant contends that he was denied his constitutional right to full voir dire examination because the trial judge improperly limited the defense's examination of prospective jurors during voir dire and, therefore, the defense was prevented from exploring the jurors' views.
The Louisiana Constitution guarantees that "the accused shall have a right to full voir dire examination of prospective jurors and to challenge jurors peremptorily." Article 1, § 17. Furthermore, La.C.Cr.P. art 786 provides that the court, the state, and the defendant shall have the right to examine prospective jurors and the scope of the examination shall be within the discretion of the court. The purpose of voir dire is to determine qualifications of prospective jurors by testing their competency and impartiality. It is designed to discover bases for challenges for cause and to secure information for an intelligent exercise of peremptory challenges. State v. Hall, 616 So.2d 664 (La.1993).
The scope of voir dire examination is within the sound discretion of the trial judge and reviewing courts owe a district court judge's determination on the scope of voir dire great deference. The reviewing court may not disturb those rulings on appeal in the absence of a clear abuse of discretion. State v. Roy, 95-0638 (La.10/4/96), 681 So.2d 1230. In evaluating the fairness of the ruling, the entire voir dire examination will be considered. State v. Francis, 95-194 (La. App. 5 Cir. 11/28/95), 665 So.2d 596.
In this allegation of error, the defendant contends that the record reflects that the trial judge set "grudging" limits upon his counsel's question of the jurors such that his constitutional right to a full voir dire was impaired. However, the record does not support defendant's contention.
While the trial court did, at times, curtail defense counsel's examination, a review of the entire voir dire examination reflects that defense counsel was able to plumb the prospective jurors' opinions regarding drug offenses, as well as to explore their opinions and possible prejudices about crime in general. Defense counsel was also permitted to question the prospective jurors regarding their opinions about the credibility of police officers who testify as witnesses. In addition, the defense counsel explored the elements of possession of cocaine with the jurors. Finally, the record reflects that defense counsel was able to question the jurors extensively on their understanding of reasonable doubt.
We find that the trial judge did not abuse his discretion and we see no manifest error in his rulings during the voir dire examination. Accordingly, we find that this assignment of error is without merit.

MOTION TO SUPPRESS
The defendant contends that the trial judge improperly refused to suppress his oral statement made during custodial interrogation and in response to direct police questioning.
Before a confession or inculpatory statement made during a custodial interrogation *1216 may be introduced into evidence, the state must prove beyond a reasonable doubt that the defendant was first advised of his Miranda rights and that the statement was made freely and voluntarily and not under the influence of fear, duress, intimidation, menace, threats, inducements or ¶ 6promises. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); State v. Thucos, 390 So.2d 1281 (La.1980); State v. Bentley, 96-795 (La.App. 5 Cir. 3/25/97), 692 So.2d 1207.
Furthermore, the exercise of the right to silence by an accused does not act as a complete bar to all further questioning. However, the police must "scrupulously honor" the right to cut off questioning by the person in custody. Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975); State v. Loyd, 425 So.2d 710 (La.1982). The question of whether an accused's rights are "scrupulously honored" is a factual issue which depends upon the totality of the circumstances involved under the particular facts of each case. State v. Brooks, 505 So.2d 714 (La.1987) cert. denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). The factors to be considered are who initiates the further questioning; the time delay between the original request and subsequent interrogation; whether Miranda warnings were given before each separate interrogation; whether waiver of rights forms were signed; and whether pressures were asserted on the accused by the police between the time he invoked his right and the subsequent interrogation. State v. Brooks, supra; State v. Hamilton, 94-696 (La.App. 5 Cir. 12/14/94), 648 So.2d 939.
Whenever a statement is taken without the presence of an attorney, a heavy burden rests upon the state to demonstrate that the accused knowingly and intelligently waived his privilege against self-incrimination and his right ¶ 7to have counsel present. State v. Davis, 407 So.2d 666 (La.1981); State v. Dunn, 94-776 (La.App. 5 Cir. 2/15/95), 651 So.2d 1378. In deciding the admissibility of a confession, the trial judge must consider the totality of the circumstances. Oregon v. Bradshaw, 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983); State v. Green, 94-0887 (La.5/22/95), 655 So.2d 272; State v. Dunn, supra. The trial judge's decision in this regard is entitled to great weight and will not be overturned on appeal unless it is not supported by the evidence. State v. Green, supra; State v. Pittman, 585 So.2d 591 (La.App. 5 Cir.1991).
In reviewing the correctness of a trial judge's ruling on a motion to suppress a confession, the court of appeal is not limited to the evidence adduced at the suppression hearing, but may consider all pertinent evidence adduced at trial. State v. Brooks, 92-3331 (La.1/17/95), 648 So.2d 366.
In this case Officer Cutino testified that, at the scene of the arrest, he advised defendant of his Miranda rights, placed him under arrest, and transported defendant to the Westwego Police Complex. After the initial paperwork had been done, defendant asked for a "break" and stated that he couldn't go to jail for "this." On cross-examination, Officer Cutino testified that he asked defendant where he got the cocaine, and defendant replied that he bought the cocaine in Marrero. Officer Cutino further testified that defendant was not given a waiver of rights form. Finally, ¶ 8Officer Cutino stated that he did not put defendant's statement in the report because he didn't consider it to be a confession.
Officer Nathan Buquet testified that he was present when defendant made the statement to Officer Cutino. He further testified that defendant was given a waiver of rights form, but he did not recall whether defendant signed the form. Additionally, Officer Buquet stated that Officer Cutino prepared the waiver of rights form. On redirect examination, Officer Buquet testified that he left before the statement was completed.
The failure of a defendant to sign a waiver of rights form does not, by itself, require suppression of the defendant's statement. State v. Parr, 498 So.2d 103 (La.App. 5 Cir.1986).
Considering the circumstances surrounding defendant's statement, including Officer Buquet's testimony that a waiver of rights form was prepared and given to defendant at *1217 the police station, we find that the defendant knowingly and intelligently waived his rights prior to making his statement to the police.
We also note that a finding that the trial court erred in failing to suppress the confession does not end this Court's inquiry, because the erroneous admission of a confession is a trial error which is subject to harmless error analysis. Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); State v. Koon, 96-1208 (La.5/20/97), 704 So.2d 756; State v. Tart, 93-0772 (La.2/9/96), 672 So.2d 116. An error is ¶ 9 harmless as it is unimportant in relation to the whole and the verdict rendered was surely unattributable to the error. State v. Seals, 93-0305 (La.11/25/96), 684 So.2d 368, 377; State v. Koon, supra.
In the instant case, we find that the statement made by defendant did not contribute to the verdict of guilty rendered herein. At trial, Officer Cutino testified that he saw two off white objects that appeared to be crack-cocaine and a piece of Brillo pad on the seat of the car that defendant had just exited. He further testified that he also saw a "crackpipe" on the floorboard of the car. Officer Cutino identified state's exhibit one as this contraband removed from the car. Mr. Krone, the state's expert witness, testified that the evidence tested positive for the presence of cocaine. Finally, Officer Cutino positively identified the defendant.
We, therefore, conclude that the defendant's statement was un important in relation to the whole and that the verdict rendered was un attributable to the admission of the statement into evidence and is not subject to reversal. See Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993); State v. Seals, supra. We find defendant's assignment of error to be without merit.

CLOSING ARGUMENT
The defendant contends that he suffered prejudice because the trial court improperly permitted the prosecutor to exceed the scope of closing argument.
Pursuant to La.C.Cr.P. art. 774, the closing argument must be confined to the evidence or lack thereof, the conclusions which may be inferred, and the applicable law.
In the case before us, defendant complains that the prosecutor was permitted to argue that the police officers may have been concerned about the presence of guns when they initiated the stop of defendant. Defendant contends that there was no testimony regarding a weapon or officer safety and, therefore, prosecutor's statements were outside the scope of closing argument.
The record does not support defendant's contentions. Officer Cutino testified on cross-examination that prior to stopping the defendant's car, he saw defendant leaning down as though he were putting something between his legs "like he was trying to conceal something." The officer stated that he didn't know what the defendant might have been placing under the seat, but that it "could have been a gun, it could have been a stick of dynamite, it could have been a hand-grenade, it could have been anything." In light of this testimony, we find that the prosecutor did not exceed the scope of closing argument.
Defendant next contends that the trial court improperly permitted the prosecutor to tamper with evidence during rebuttal argument, because the prosecutor broke a rock of cocaine in state's exhibit one in globo to demonstrate how easily the rocks could break. However, the prosecutor ¶ 11 was merely responding to defense counsel's closing argument regarding the condition of the broken rock of cocaine, evidence of which had been shown to the jury during the trial and at the close of the state's case. Moreover, the defendant does not state how he was prejudiced by this rebuttal.
Defendant also argues that the prosecutor's actions constituted tampering with the evidence in violation of La. R.S. 14:103. Here, the prosecutor showed the jury an exhibit (state's exhibit one in globo which contains the rocks of cocaine) which had already been introduced into evidence without objection. Furthermore, the jury saw the evidence before closing arguments.
*1218 Finally, we note that the argument regarding the state's closing argument does not constitute reversible error unless the appellate court is thoroughly convinced that the remarks influenced the jury and contributed to the verdict. State v. Knighton, 436 So.2d 1141 (La.1983); State v. Forrest, 95-31 (La. App. 5 Cir. 2/14/96), 670 So.2d 1263. In this case we find that the state's closing argument and rebuttal did not influence the verdict.
We, therefore, find this assignment of error to be without merit.

DENIAL OF THE MOTION FOR NEW TRIAL
In this allegation, the defendant alleges that the trial court erred in denying his motion for new trial. His basis for alleging a new trial are the ¶ 12same as those assigned as error in the preceding assignments. Defendant alleges that the combined effect of these alleged errors mandated a new trial.
Pursuant to La.C.Cr.P. art. 851, the motion for new trial is based upon the supposition that injustice has been does to the defendant, and unless such injustice is shown, the new trial motion shall be denied no matter upon what allegations the motion is grounded. The ruling on a motion for new trial is committed to the sound discretion of the trial judge and will be disturbed on appeal only when there is a clear showing of abuse of that discretion. State v. Griffon, 448 So.2d 1287, 1293 (La.1984); State v. Battle, 93-900 (La.App. 5 Cir. 3/29/94), 635 So.2d 337.
All of the grounds presented in this assignment have been fully discussed and found to be without merit in this opinion. The defendant presents nothing new for us to review by this assignment of error. Accordingly, we find that the trial court did not abuse its discretion in denying the defendant's motion for new trial.

EXCESSIVE SENTENCE
The defendant further contends that his sentence of five years at hard labor is excessive given the facts of the case and the nature of the crime. In addition, defendant also complains that the trial court failed to give credit for time served in imposing sentence.
La. R.S. 40:967(C)(2) provides that any person convicted of possession of cocaine:
... shall be imprisoned with or without hard labor for not more than five years, and in addition, may be sentenced to pay a fine of not more than five thousand dollars.
Here, the defendant was sentenced to five years at hard labor. No fine was imposed.
The record reflects that while defense counsel noted an objection to the sentence imposed, he did not orally move for reconsideration of sentence, nor did he file a motion for reconsideration as required by La.C.Cr.P. art 881.1. However, this Court has recently held that while failure to file a motion for reconsideration precludes defendant from raising specific grounds on appeal, such failure does not necessarily preclude a challenge to the constitutionality of defendant's sentence and that a claim that a sentence was constitutionally excessive will be addressed, in an abundance of caution. See State v. Jackson, 96-661 (La.App. 5 Cir. 4/9/97), 694 So.2d 440; State v. Allen, 93-838 (La.App. 5 Cir. 5/31/94), 638 So.2d 394; State v. Henderson, 94-286 (La.App. 5 Cir. 12/14/96), 648 So.2d 974. Accordingly, we do so here.
Both the Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is generally considered to be excessive if it is grossly disproportionate to the offense or imposes needless pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. ¶ 14Daigle, 96-782 (La. App. 5 Cir. 1/28/97), 688 So.2d 158, 159, writ denied, 97-0597 (La.9/5/97), 700 So.2d 506.
Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged, and the worst type of offender. State v. Guzman, 95-444 (La.App. 5 Cir. 11/15/95), 665 So.2d 512, 516, writ denied, 95-2853 (La.2/28/96), 668 So.2d 366. In reviewing a sentence for excessiveness, the appellate *1219 court must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. State v. Daigle, supra; State v. Jackson, 597 So.2d 1188 (La.App. 5 Cir.1992).
The trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Daigle, supra; La.C.Cr.P. art. 881.4(D).
In imposing sentence in this case, the trial judge gave the following reasons:
Alright. Then the sentence of this court that I think is most lenient is five (5) years at hard labor. He's been in enough trouble already [obviously referring to defendant's past record]. If he needed spiritual guidance he should have gotten it before now. If he wants to get in a program, let him get in it after he gets out of jail.
We do not find that defendant's sentence is constitutionally excessive for the following reasons. First, while defendant received the maximum imprisonment allowed by La. R.S. 40:967(C)(2), he did not receive the ¶ 15maximum sentence allowed by this statute. The judge also could have imposed a fine of not more than five thousand dollars in addition to five years imprisonment.
Second, prior criminal activity is one of the factors to be considered by the trial judge in sentencing a defendant. Prior criminal activity is not limited to convictions. State v. Washington, 414 So.2d 313, 315 (La. 1982). Here, the record appears to indicate that defendant had a criminal history. Out of the presence of the jury, the parties discussed whether to admit the arrest report and probable cause affidavit that contained the phrase, "Career criminal, Intercept Unit, Code-6." The jury did not see this portion because trial judge ultimately deleted this reference, but the trial judge could consider this in sentencing defendant, since a defendant's criminal history is not limited to convictions alone. State v. Washington, supra.
Third, defendant correctly states that the trial judge did not give him credit for time served when imposing sentence, as mandated by La.C.Cr.P. art. 880. However, the Louisiana Legislature amended this article by 1997 La. Acts 788, Section 1, effective August 15, 1997, to make credit for time served self-operating. The article now provides that "[a] defendant shall receive credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence." Also the comment to Act 788 indicates that "[t]his article makes the credit for prior custody self-operating even on ¶ 16a silent record. It does not change the law." Thus, no corrective action by this Court is necessary.
We find this assignment of error to be without merit.

ERROR PATENT REVIEW
We have reviewed the record for errors patent according to La.C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975) and we note the following error, namely that the trial court erred in failing to advise the defendant of the applicable prescriptive period for post-conviction relief as mandated by La.C.Cr.P. art. 930.8 C.
Accordingly, we instruct the trial court to send the appropriate written notice to defendant regarding the prescriptive period for post-conviction relief and to file written proof in the record that defendant received the notice. See State v. Kershaw, 94-141 (La. App. 5 Cir. 9/14/94), 643 So.2d 1289; State v. Carter, 96-358 (La.App. 5 Cir. 11/26/96), 685 So.2d 346.

CONCLUSION
For all of the above reasons, the defendant's conviction and sentence are affirmed; and the case is remanded to the trial court for the trial judge to inform the defendant of the delays for filing post-conviction relief pursuant to La.C.Cr.P. art. 930.8.
AFFIRMED AND REMANDED.