790 So.2d 705 (2001)
STATE of Louisiana
v.
Kemo CHARLES.
No. 00-KA-1586.
Court of Appeal of Louisiana, Fifth Circuit.
June 27, 2001.
*707 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Richard Bates, Jon Maestri, Assistant District Attorneys, for appellee.
Margaret S. Sollars, Thibodaux, Louisiana, for appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS and SUSAN M. CHEHARDY.
EDWARDS, Judge.
Defendant/appellant Kemo Charles appeals the judgment of the trial court finding him guilty of armed robbery in violation of LSA-R.S. 14:64. Charles was accused of robbing taxicab driver Ronald Johnson at gunpoint on the morning of August 25, 1999. Charles alleges that there was insufficient evidence presented at trial to convict him of the crime and that the sentence imposed by the trial court was excessive. For the following reasons, we affirm the conviction and sentence.
At approximately 7:00 a.m. on the morning of August 25, 1999, taxicab driver Ronald Johnson of King Cab Company received a dispatch to pick up a fare at 301 Duke Street in Kenner. Upon arriving at the address, Mr. Johnson learned that the passenger did not have the money to pay for the fare to Fredericks Road in Gretna. The passenger told Mr. Johnson that he would pay the fare upon arriving at the destination, and as collateral, he gave Mr. Johnson his pager and his watch.
Upon arriving at an apartment complex on Fredericks Road, the passenger pulled a gun, pointed it at Mr. Johnson's head, and told him to put his head on the steering wheel. The passenger then took the pager, the watch and $54.00 in cash from Mr. Johnson's pockets and fled the scene.
Mr. Johnson called the police and filed a report. The police made a list of the individuals known to frequent 301 Duke Street, and with the description of the passenger given by Mr. Johnson, identified Charles as a suspect. Detective Jason Mitchell of the Jefferson Parish Sheriff's Office showed Mr. Robinson a photographic lineup, at which time he identified Charles as his assailant.
On August 26, 1999, Jefferson Parish Sheriffs officers arrested Charles and searched his home pursuant to a search warrant. A watch, a black pager and currency was found on Charles' person and a search of the residence produced a .38 caliber revolver and five watches.
Charles was arrested on the charge of armed robbery in violation of LSA-R.S. 14:64. He pled not guilty and was tried by a twelve-person jury on March 28, 2000 before the Honorable Charles V. Cusimano, II of the Twenty-Fourth Judicial District Court. After a trial on the evidence, the jury returned a verdict of guilty as charged on March 29, 2000. On June 14, 2000, the trial judge sentenced Charles to fifty-eight (58) years at hard labor without benefit of probation, parole or suspension of sentence. On June 16, 2000, Charles filed a motion to reconsider sentence, which was subsequently denied. Charles has appealed the ruling of the trial court and the matter is now before this court for review.

*708 LAW AND ANALYSIS
Charles has alleged four assignments of error on appeal. In his first assignment of error, Charles alleges that the trial court erred in failing to grant a mistrial when evidence of another crime was improperly admitted. In his second assignment of error, Charles alleges that the trial court erred by not allowing Mr. Johnson to be questioned about his cocaine usage. In his third assignment of error, Charles alleges that the evidence was insufficient to support his conviction. In his fourth and final assignment of error, Charles alleges that the trial court erred by imposing an excessive sentence, inadequately reasoned and unsupported by any articulated reasons in the record. These assignments of error are without merit and the judgment of the trial court must be affirmed.
In his first assignment of error, Charles alleges that the trial court erred in failing to grant a mistrial when evidence of another crime was improperly admitted. At trial, State witness Joshua Johnson testified that the gun found at Charles' residence and allegedly used in the commission of the armed robbery was stolen by him and given to Charles. Joshua Johnson testified that he stole the .38 caliber revolver from the residence of Ms. Johnnie Baye and later gave it to Charles. Ms. Baye identified the revolver and the watch taken from Charles as items stolen from her home. Charles alleges that he was prejudiced by this admission at trial as it constituted evidence of other crimes, specifically possession of stolen property in violation of LSA-R.S. 14:69. Defense counsel requested a mistrial, which was denied by the trial court.
Generally, evidence of other acts of misconduct is inadmissible.[1] However, when evidence of other crimes or bad acts tends to prove a material issue and has independent relevance other than to show that the defendant is of bad character, it may be admitted.[2] Formerly known as "res gestae," evidence that constitutes an integral part of the crime is admissible without prior notice to the defense.[3] A close connexity between the charged and uncharged conduct is required to insure that "the purpose served by admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place."[4]
At trial, Joshua Johnson specifically testified on direct examination that he stole the gun from Ms. Baye, showed it to *709 Charles, told Charles that he had taken the gun from Ms. Baye's house and then gave it to Charles after he asked for it. Charles alleges that this is evidence of other crimes which is specifically precluded by statute and a mistrial should have been granted as requested by defense counsel. The State alleges that Charles has not proven that he was unfairly prejudiced by the admission and therefore the verdict should stand as rendered.
In State v. Donald, 99-3612 (La.12/8/00), 775 So.2d 1054, the Louisiana Supreme Court recently stated that "[a]part from any considerations of res gestae or integral act evidence, `matters which are ... logically relevant to issues before the jury should not be excluded merely because they show the accused has committed other offenses.'"[5] Furthermore, on appeal, an improper reference to other crimes evidence is subject to the harmless error rule.[6] The test for determining harmless error is whether the verdict actually rendered in that case was surely unattributable to the error.[7]
As noted by the trial judge on the record, any error which may have been committed in this case was harmless. It is our opinion that the guilty verdict was amply supported by other testimony and evidence adduced at trial. The trial court did not err in failing to grant a mistrial.
In his second assignment of error, Charles alleges that the trial court erred by not allowing Mr. Johnson (victim) to be questioned about his cocaine usage. He contends that his constitutional right to confrontation was violated. In a statement that Mr. Johnson gave to Detective Mitchell, he stated that he had previously used narcotics, specifically crack cocaine, but that he had not used drugs for over two months prior to the incident at issue. The State alleges that Mr. Johnson has never been convicted of cocaine possession or of any other crime, so his prior drug usage cannot be used to impeach his testimony.
In State v. Hollins, 97-627 (La.App. 5th Cir.11/25/97), 704 So.2d 307; writ denied, 99-507 (La.8/25/99), 747 So.2d 50, which dealt with a similar factual situation, this Court stated:
The Sixth Amendment to the United States Constitution guarantees the right of the accused in a criminal prosecution `to be confronted with the witnesses against him.' Additionally, the confrontation clause of the Louisiana Constitution directly affords the accused the right to `confront and cross-examine the witness against him....'
The right to impeach a witness for bias or interest is encompassed in the right of confrontation, and is specifically dictated by LSA-C.E. art. 607D. However, LSA-C.E. art. 608B provides that: `Particular acts, vices, or courses of conduct of a witness may not be inquired into or proved by extrinsic evidence for the purpose of attacking his character for truthfulness, other than conviction of a crime as provided in Articles 609 and 609.1 or as constitutionally required.' Furthermore, LSA-C.E. art. 609.1 provides, in pertinent part:
A. In a criminal case, every witness by testifying subjects himself to examination relative to his criminal convictions, subject to limitations set forth below.
B. Generally, only offenses for which the witness has been convicted *710 are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, an indictment, a prosecution, or an acquittal.[8]
In the present case, Mr. Johnson's drug use was inadmissible for impeachment purposes under LSA-C.E. articles 608(B) and 609.1(B). The trial court did not err by sustaining the State's objection to the cross examination of Mr. Johnson about his prior, unrelated drug use.
In his third assignment of error, Charles alleges that the evidence was insufficient to support his conviction.[9] Specifically, he argues that the evidence presented by the State was inconsistent with the physical evidence and the initial complaint.
In reviewing the sufficiency of the evidence, due process requires the reviewing court to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[10] Under Jackson, a review of a criminal conviction record for sufficiency of evidence does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.[11] A reviewing court is required to consider the whole record, and determine whether a rational trier of fact would have found guilt beyond a reasonable doubt. The actual trier of fact is presumed to have acted rationally until it appears otherwise.[12]
Armed robbery is defined in LSA-R.S. 14:64(A) as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon."[13] Proof of armed robbery requires a showing that the defendant took something of value from another while armed with a dangerous weapon.[14]
In the present case, Mr. Johnson identified Charles from a photographic lineup and also identified him at trial as the man that robbed him of $54.00 while armed with a revolver. After hearing all of the testimony and considering the evidence, the jury chose to believe the State's witnesses. It is not the function of this Court to assess the credibility of witnesses or to re-weigh evidence.[15] The evidence *711 presented in this case, when considered in the light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that Charles was guilty of armed robbery.
In his fourth and final assignment of error, Charles alleges that the trial court erred by imposing an excessive sentence, inadequately reasoned and unsupported by any articulated reasons in the record. Charles was sentenced to fifty-eight (58) years at hard labor without benefit of probation, parole or suspension of sentence. He was twenty (20) years old at the time of the offense and had no prior convictions.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering.[16] Trial judges are granted great discretion in imposing sentences.[17] A reviewing court will not set aside a sentence as excessive if the record supports the sentence imposed.[18]
Three factors are considered in reviewing a trial court's sentencing discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts.[19] The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate.[20]
Charles was convicted of armed robbery. Under LSA-R.S. 14:64, the trial court could have imposed a sentence between five years and 99 years, without benefit of parole, probation or suspension of sentence. He was sentenced to fifty-eight (58) years, which falls within the middle of the sentencing range.
A review of our jurisprudence indicates that similar sentences imposed upon defendants convicted of armed robbery have been upheld. State v. Wilson, 99-105 (La. App. 5th Cir.7/27/99), 742 So.2d 957; writ denied, 99-2583 (La.2/11/00), 754 So.2d 935 (defendant convicted of two counts of armed robbery and sentenced to two consecutive terms of 60 years of imprisonment at hard labor without benefit of probation, parole or suspension of sentence); and State v. Alexander, 98-993 (La.App. 5th Cir.3/10/99), 734 So.2d 43; writ denied, 99-2138 (La.12/10/99), 751 So.2d 250 (defendant convicted of five counts of armed robbery and sentenced to five consecutive terms of 50 years of imprisonment at hard labor without benefit of parole, probation or suspension of sentence).
Charles' sentence is within the statutory range and is supported by the record. His was a crime of violence in which he threatened the life of the victim, Ronald Johnson. The sentence is not excessive and must be affirmed.
The record was reviewed for errors patent.[21] It is noted that an irregularity *712 in the arraignment was discovered during error patent review. Charles was arraigned on the charge of armed robbery on October 15, 1999. On the day of trial, the State amended the bill of information to reflect that the date of the offense was August 25, 1999. The record does not reflect that Charles was re-arraigned on the amended bill of information. LSA-C.Cr.P. Art. 555 provides that the failure to arraign the defendant is waived if the defendant enters upon trial without objecting thereto and that it shall be considered as if he had pled not guilty. Because Charles proceeded to trial without objection, any irregularity in the arraignment was waived and will not be considered by this Court.[22]
In summary, it is the opinion of this Court that the trial court did not err in convicting Charles of armed robbery in violation of LSA-R.S. 14:64 and did not err in sentencing him to fifty-eight (58) years imprisonment at hard labor without benefit of probation, parole or suspension of sentence. The trial court did not err in failing to grant a mistrial because the introduction of evidence of other crimes was reasonable under the circumstances and was at worst harmless error. Finally, the trial court did not err in failing to allow the defense to question the victim about his alleged drug use. Absent a conviction, Mr. Johnson's alleged drug use was inadmissible for impeachment purposes under LSA-C.E. articles 608(B) and 609.1(B). The conviction and sentence must be affirmed.
AFFIRMED.
NOTES
[1] LSA-C.E. art. 404(B)(1); State v. Prieur, 277 So.2d 126 (La.1973). LSA-C.E. art. 404(B)(1) states:

Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
[2] State v. Battie, 98-1296 (La.App. 5th Cir.5/19/99), 735 So.2d 844; writ denied, 99-1785 (La.11/24/99), 750 So.2d 980; citing State v. Silguero, 608 So.2d 627 (La.1992); State v. Sterling, 95-673 (La.App. 5th Cir.2/27/96), 670 So.2d 1316.
[3] State v. Battie, supra; citing State v. Brown, 95-124 (La.App. 5th Cir.5/30/95), 656 So.2d 1070, 1074-1075.
[4] State v. Colomb, 98-2813 (La.10/1/99), 747 So.2d 1074.
[5] Id. at 1059.
[6] State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94.
[7] Id. at 102.
[8] Id. at 309. (Citations omitted).
[9] Defendant failed to file a motion for post verdict judgment of acquittal challenging the sufficiency of the evidence pursuant to LSA-C.Cr.P. art. 821.

In State v. Allen, 440 So.2d 1330 (La.1983), the Louisiana Supreme Court stated the "correct vehicle for asserting ... [an argument regarding the insufficiency of the evidence] is the motion for a post verdict judgment of acquittal, LSA-C.Cr.P. art. 821, or the motion for new trial, LSA-C.Cr.P. art. 851." In State v. Girod, 94-853 (La.App. 5th Cir.3/15/95), 653 So.2d 664, this Court quoted that language and further stated, "However, we will address the issue, even when not properly raised, if it is briefed pursuant to formal assignment of error."
[10] Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).
[11] State v. Mussall, 523 So.2d 1305 (La.1988).
[12] Id. at 1310.
[13] State v. Durant, 00-1246 (La.App. 5th Cir.12/27/00), 776 So.2d 1265.
[14] Id.; citing State v. Watts, 99-311 (La.App. 5th Cir.8/31/99), 746 So.2d 58; writ denied, 99-2733 (La.3/24/00), 758 So.2d 145.
[15] State v. Taylor, 99-296 (La.App. 5th Cir.7/27/99), 740 So.2d 216; writ denied, 99-2609 (La.3/17/00), 756 So.2d 322.
[16] State v. Wickem, 99-1261 (La.App. 5th Cir.4/12/00), 759 So.2d 961; writ denied, 00-1371 (La.2/16/01), 785 So.2d 839.
[17] State v. Riche, 608 So.2d 639 (La.App. 5th Cir.1992); writ denied, 613 So.2d 972 (La. 1993).
[18] State v. McCorkle, 97-966 (La.App. 5th Cir.2/25/98), 708 So.2d 1212.
[19] State v. Watts, 746 So.2d at 64.
[20] Id.
[21] LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
[22] State v. Richardson, 00-134 (La.App. 5th Cir.9/26/00), 770 So.2d 454.