I,EDWARD A. DUFRESNE, JR., Chief Judge.
Defendant, Alice Bailey, appeals as excessive the sentences imposed pursuant to her six distribution of cocaine convictions. For the reasons which follow, we affirm the sentences as imposed by the trial judge.
The Grand Jury of St. John the Baptist Parish filed an indictment charging defendant, Alice Bailey, with six counts of distribution of cocaine in violation of LSA-R.S. 40:967(A)(1). The charges proceeded to trial before a twelve person jury. At trial, Agent Kelly Gonzales of the Lafourche Parish Sheriffs Office, testified that she made six undercover narcotics purchases from defendant. On six occasions, in November and December of 1997, Agent Gonzales went to defendant’s home and purchased between twenty and fifty dollars worth of crack cocaine. In five of those transactions, Agent Gonzales had to wait while defendant got the cocaine from her supplier, Anthony Staggers. For the remaining buy, Agent Gonzales did not have to wait for delivery because defendant already had the cocaine in her possession.
*361 [^Defendant also testified at trial. During her testimony, she claimed that she was a drug user and not a drug dealer. While defendant admitted that she- obtained cocaine for Officer Gonzales, she claimed that she did so in order to get some of the crack for herself. Defendant testified that she had used drugs for approximately eight years, but that she had gone to a rehabilitation program, and had been clean for six months. After listening to this testimony, as well as the other evidence presented, the jury found defendant guilty as charged on all counts.
Based on the sentencing provision in effect at the time of the commission of the offenses, defendant was exposed to a possible sentence of five to thirty years at hard labor on each count, and in addition, faced a possible fine of not more than $50,000. LSA-R.S. 40:96T(B)(4)(b). The court sentenced the defendant to ten years on each count, to run concurrently, and suspended five years of the sentence on counts two through six. Defendant thereafter filed a motion to reconsider sentence as well as a motion for reduction/amendment of sentence. The trial judge denied both of these motions. Defendant now appeals, asserting that the sentences imposed were unconstitutionally excessive. We find no merit to this argument.
The Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Munoz, 575 So.2d 848 (La.App. 5 Cir.1991), writ denied, 577 So.2d 1009 (La.1991). In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice. The trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. McCorkle, 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212.
Defendant asserts that her sentence is unconstitutionally excessive based on the following factors: she successfully completed many sélf-help programs while incarcerated at St. Gabriel; she started working to obtain a G.E.D. while incarcerated at St. Gabriel; she testified in the state’s case against Mr. Staggers; her incarceration is causing a hardship on her family and her four children; she has no prior criminal history; she sought treatment for her drug problem; the crimes she committed were not crimes of violence; she is a drug addict and not a drug distributor; recent legislation shows an intent to impose lesser sentences and/or alternative programs to treat people convicted of drug related problems; and although the state said it would not oppose a reduction in sentence at the reconsideration hearing if defendant testified against Anthony Staggers, the state did not keep its promise.
In the present case, the record reflects that the trial judge considered all these factors. The trial judge stated that she considered the letters she received on behalf of defendant “very, very, very carefully.” She further noted that it was commendable that defendant was taking advantage of all the programs offered in prison. She stated that she looked at defendant’s accomplishments and the hardships on her family, but that defendant did |4not follow the conditions of her release when she was-pregnant.
The trial judge also entertained defense counsel’s request that defendant be sen *362 tenced pursuant to Act 359, effective August 15, 1999, which amended certain provisions of LSA-R.S. 15:574.4, dealing with eligibility for the intensive parole supervision and intensive incarceration programs. The trial judge considered the act, but chose not to sentence defendant under the act stating as follows:
... in addition to all of the letters that I received, I also observed the defendant whenever she was in Court. I have also had the opportunity to observe her when she was released from jail after the conviction and was supposed to be under a form of house arrest, which we all know what happened with that. That did not work out at that time. And for that reason, and among other things, this Court does not feel at this time that the Court is prepared to sentence her under the provisions of the statute that you cited.
The trial judge also addressed defendant’s argument that she was penalized for going to trial. At the hearing on the motion to reconsider sentence, defendant claimed that she could have pled guilty and received a sentence of five years, but instead, she went to trial and got ten years. Defendant also insisted that the state failed to keep its promise about not opposing a reduction in sentence. The state responded that when it offered defendant five years in return for her testimony against Mr. Staggers, defendant said that she. was not going to cooperate, and that she would go to trial. The prosecutor informed the court that defendant was very arrogant and stubborn prior to her conviction, and that she showed no remorse prior to her conviction. The prosecutor further advised the court that he did not tell defendant that he would ask for a reduction in her sentence, but rather agreed to send favorable recommendations for defendant’s parole upon her eligibility if she continued to do well in prison. |sThe trial judge listened to these arguments and found that defendant was not penalized for exercising her constitutional right to a trial by jury.
As stated previously, the trial judge, in imposing and maintaining the ten year sentences, considered very thoroughly the circumstances of this case, as well as all the factors pointed out by defendant. Based on the same reasons given by the trial judge, we find that the sentences imposed were not excessive, especially in light of the fact that defendant was exposed to a total sentence of 180 years on the six counts of distribution of cocaine. Accordingly, we find that the trial judge did not abuse her discretion in the sentencing of defendant.
We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Our review reveals that the trial court failed to inform defendant of the prescriptive period for post-conviction relief as required by LSA-C.Cr.P. art. 930.8(C). Accordingly, we instruct the trial court to send the appropriate written notice to defendant regarding the prescriptive period for post-conviction relief and to file written proof in the record that defendant received the notice. State v. McCorkle, supra.
For the reasons set forth herein, the defendant’s convictions and sentences are hereby affirmed. The matter is remanded for further action in accordance with this opinion.

CONVICTIONS AND SENTENCES AFFIRMED; REMANDED FOR FURTHER ACTION.