STATE OF LOUISIANA

VERSUS

ALCUS A. SMITH
A.K.A. "BUG" A.K.A. "BULL"

NO. 20-KA-177

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 16-951, DIVISION "M"
HONORABLE RAYMOND C. BIGELOW, JUDGE PRO TEMPORE


June 02, 2021


**JOHN J. MOLAISON, JR.**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Robert A. Chaisson, and John J. Molaison, Jr.


**<u>AFFIRMED</u>**
    **JJM**
    **SMC**
    **RAC**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
Honorable Paul D. Connick, Jr.
Thomas J. Butler
Gail D. Schlosser
Douglas W. Freese
Seth W. Shute

COUNSEL FOR DEFENDANT/APPELLANT,
ALCUS A. SMITH A.K.A. "BUG" A.K.A. "BULL"
Jane L. Beebe

**MOLAISON, J.**

This case returns before us following a remand to the district court.[1] In our previous opinion, we determined that the evidence was sufficient to uphold the defendant's conviction for second-degree murder, but pretermitted reviewing the defendant's second assignment of error regarding other crimes evidence pending the district court's determination of whether the jury verdict, in this case, was unanimous. Upon remand, after a hearing on May 20, 2021, the district court issued a *per curiam* which concluded that the jury verdict was, in fact, unanimous. Based upon that finding, we now turn to the defendant's remaining assignment of error. For the following reasons, the defendant's conviction is affirmed.

## ASSIGNMENT OF ERROR

The trial court erred in granting the state's motion to introduce evidence of other crimes that were more prejudicial than probative.

## LAW AND ANALYSIS

Defendant argues that the trial court erred in granting the State's motion to introduce other crimes evidence of a multi-year federal investigation into the Harvey Hustlers gang. He contends, in summary, that he was "tangentially associated with" the drug-dealing enterprise and that any evidence from that separate investigation was extremely prejudicial and used only to portray him as a "bad person" who killed Mr. Hall.

The State filed a Notice of Intent to Use Evidence of Other Crimes on June 7, 2017, according to La. C.E. art. 404(B), about the defendant's prior convictions for racketeering, conspiracy to distribute cocaine, and possession with intent to distribute cocaine. At the subsequent hearing on the motion, the State argued that the convictions offered a context for the defendant's conduct as a "long-term major

---

[1] For a full recitation of the facts and procedural history in this matter, please refer to this Court's prior opinion.

drug dealer" who dealt "violently with real or perceived 'slights' from others." The State further argued that the prior convictions showed both specific intent and motive for the current offense, and asserted that the murder of Mr. Hall was in furtherance of the racketeering enterprise and the conspiracy to distribute narcotics. Specifically, the State asserted that the defendant's participation in the Harvey Hustlers was relevant to show his motive to protect his reputation and the preservation of his drug trafficking business.

Generally, evidence of other crimes or bad acts committed by a criminal defendant is not admissible at trial. La. C.E. art. 404(B)(1); *State v. Prieur*, 277 So.2d 126, 128 (La. 1973). However, when evidence of other crimes tends to prove a material issue and has independent relevance other than to show that the defendant is of bad character, it may be admitted by certain statutory and jurisprudential exceptions to this rule. *State v. Williams*, 10-51 (La. App. 5 Cir. 7/27/10), 47 So.3d 467, 474, *writ denied*, 10-2083 (La. 2/18/11), 57 So.3d 330. Evidence of other crimes is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding to such an extent that the State could not accurately present its case without reference to the prior bad acts. La. C.E. art. 404(B)(1); *State v. Lawson*, 08-123 (La. App. 5 Cir. 11/12/08), 1 So.3d 516, 525. *State v. Charles*, 00-1586 (La. App. 5 Cir. 6/27/01), 790 So.2d 705, 708. A close connection between the charged and uncharged conduct is required to ensure that "the purpose served by admission of the other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place." *Id.*

The defendant bears the burden to show that he was prejudiced by the admission of the other crimes evidence. *State v. Miller*, 10-718 (La. App. 5 Cir.

12/28/22), 83 So.3d 178, 187, *writ denied*, 12-282 (La. 5/18/12), 89 So.3d 1191, *cert. denied*, 568 U.S. 1157, 133 S.Ct. 1238, 185 L.Ed.2d 177 (2013). Even if the other crimes evidence was inadmissible, the erroneous admission of other crimes evidence is a trial error subject to harmless error analysis on appeal. *State v. Johnson*, 94-1379 (La. 11/27/95), 664 So.2d 94, 102. The test for determining whether an error is harmless is whether the verdict rendered in the case "was surely unattributable to the error." *Id*. at 100.

As discussed in our prior opinion, there was sufficient evidence to convict the defendant:

> Upon review, we find that the State presented sufficient evidence to negate any reasonable probability of misidentification of the defendant. Mr. Carter testified that he was inside the vehicle and observed the defendant and the other two individuals shoot and kill Mr. Hall. Ballistic evidence confirmed that three weapons were used at the scene. Mya testified that she observed Mr. Hall get into the vehicle with the defendant shortly before the murder. Mr. Carter testified that the defendant wanted to retaliate against Mr. Hall. The surveillance video showed a dark-colored vehicle and a light-colored vehicle, which matched the descriptions of the vehicles of the defendant and the other two individuals, pull into the neighborhood and then leave shortly after the murder. Phone records confirmed pertinent conversations between Mr. Hall and Mr. Bird and between the defendant and Mr. Carter shortly before the murder. Additionally, the evidence showed that the defendant had the specific intent to kill when he and the other individuals pointed their guns and fired them at Mr. Hall, thereby causing Mr. Hall to sustain nine gunshot wounds and killing him.

We also noted in our prior opinion the evidence which illustrated that the defendant's motive for killing Mr. Hall was the belief that Mr. Hall had set him up to be robbed during a drug deal.[2] To that end, evidence of the defendant's activities as a drug dealer was relevant.

---

[2] Derenne Carter testified at trial that he knew Donte Hall, the victim in this case, and was present when Mr. Hall was killed. Mr. Carter further testified that before Mr. Hall's death, he participated in a drug trafficking business with the defendant, Alcus Smith, and other individuals. He explained that before Mr. Hall's death, the defendant told him that he wanted to kill Mr. Hall because he believed that Mr. Hall had set him up to be robbed during a drug deal.

20-KA-177                    3

The record also reflects that the State introduced a volume of evidence related to the investigation of the Harvey Hustlers. While arguably some of the 404(B) evidence could be considered extraneous and may have been confusing at trial, the jury was given a proper limiting instruction by the trial court regarding that same evidence.[3] To the extent that the trial court might have erred in admitting portions of the other crimes evidence, we find such an error to be harmless in light of the overwhelming evidence of the defendant's guilt presented at trial.

## ERROR PATENT

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990). We note that while the transcript reflects that the trial judge advised the defendant that he had "two years to file a post-conviction relief in this matter," the sentencing minute entry reflects that the trial judge advised the defendant that he had "two (2) years after the judgment of conviction and sentence has become final to seek post-conviction relief." The transcript generally prevails. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983).

If a trial court fails to completely advise a defendant according to La. C.Cr.P. art. 930.8, this Court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief in its opinion. Accordingly, we advise the defendant that no application for post-conviction relief, including applications that seek an out-of-time appeal, shall be considered if filed more than two years after his conviction and sentence have become final under the provisions of La. C.Cr.P. arts. 914 or 922. *See State v. Oliver*, 14-428 (La. App. 5

---

[3] The jury charge read as follows:

> Evidence that the defendant was involved in the commission of an offense other than the offense for which he is on trial is to be considered only for a limited purpose. The sole purpose for which such evidence may be considered is whether it tends to show: motive and intent. Remember the accused is on trial only for the offense charged. You may not find him guilty of this offense merely because he may have committed another offense.

Cir. 11/25/14), 165 So.3d 970, 978, *writ denied*, 14-2693 (La. 10/9/15), 178 So.3d 1001.

## DECREE

Accordingly, for the foregoing reasons, the defendant's conviction and sentence are affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JUNE 2, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-KA-177

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE SHAYNA BEEVERS MORVANT (DISTRICT JUDGE)
GAIL D. SCHLOSSER (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          JANE L. BEEBE (APPELLANT)

### MAILED
HONORABLE PAUL D. CONNICK, JR.
DISTRICT ATTORNEY
DOUGLAS W. FREESE (APPELLEE)
SETH W. SHUTE (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053