EDWARD A. DUFRESNE, JR., Chief Judge.
 

 |2The Jefferson Parish District Attorney’s Office filed a bill of information charging defendant, Lyndon Johnson, with possession with intent to distribute cocaine in violation of LSA-R.S. 40:967(A), possession of cocaine in violation of LSA-R.S. 40:967(C), and second offense possession of marijuana in violation of LSA-R.S. 40:966(C). Defendant pled not guilty and filed several pre-trial motions, including a motion to suppress the evidence and statement which was denied after a hearing. The State subsequently filed a second superseding bill of information charging defendant with the original three counts and adding a second count of possession with intent to distribute cocaine. Defendant was re-arraigned on the new bill of information and pled not guilty.
 

 Defendant later withdrew his not guilty pleas and, after being advised of his constitutional rights, pled guilty to all four charges under
 
 State v. Crosby,
 
 338 So.2d 584 (1976), reserving his right to appeal the trial court’s denial of his motion to suppress. Pursuant to a plea agreement, the trial court sentenced defendant to twenty-five years at hard labor without the benefit of parole, probation, or suspension of sentence on each of the two counts of possession with intent to ^distribute cocaine, and five years at hard labor on each count of possession of cocaine and second offense possession of marijuana. The trial court ordered all sentences to run concurrently with each other.
 

 The State then filed a multiple offender bill of information seeking to enhance count one, possession with intent to distribute cocaine, alleging defendant had a prior 2002 conviction for possession with intent to distribute cocaine. Defendant admitted the allegations contained in the multiple bill. The trial court vacated defendant’s sentence on count one and, in accordance with the plea agreement, imposed an enhanced sentence under LSA-R.S. 15:529.1 of twenty-five years at hard labor without the benefit of probation or suspension of sentence to run concurrently with his other sentences.
 

 Defendant obtained an out-of-time appeal through an application for post-conviction relief.
 

 FACTS
 

 Defendant’s convictions were the result of guilty pleas. As such, the facts and circumstances surrounding the charged offenses are not fully developed in the record. During the plea colloquy, the State simply stated that at trial it would prove defendant knowingly and intentionally possessed cocaine with the intent to distribute it on February 15, 2008 and April 1, 2008, knowingly possessed cocaine, and knowingly possessed marijuana on February 15, 2008, after having a prior conviction for possession of marijuana.
 

 At the hearing on the motion to suppress, the State presented the testimony of two detectives, who both testified they had obtained separate search warrants for de
 
 *1128
 
 fendant’s home based on information each obtained from a confidential informant that defendant was selling narcotics from his home and a subsequent controlled buy in which each detective was involved. The return on the search |4warrants showed that cocaine, marijuana, drug packaging material, and cash, among other things, were seized from defendant’s residence and vehicle.
 

 ANDERS BRIEF
 

 On appeal, defendant’s appellate counsel filed a brief pursuant to the procedure approved by the United States Supreme Court in
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. The
 
 Anders
 
 procedure used in Louisiana was discussed in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir.1990), sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-981 (La.4/28/95), 653 So.2d 1176, 1177
 
 (per
 
 curiam), adopted for use by this Court in
 
 State v. Bradford,
 
 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110, and expanded by the Louisiana Supreme Court in
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241, 242
 
 (per curiam).
 

 According to
 
 Anders,
 
 386 U.S. at 744, 87 S.Ct. at 1400, “if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.” The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pre-trial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence.
 
 State v. Bradford,
 
 676 So.2d at 1110.
 

 Defendant’s appellate counsel asserts that after a detailed review of the record, she could not find any non-frivolous issues to raise on appeal. Counsel indicated the record showed defendant’s guilty pleas were knowing and voluntary. She noted defendant was fully advised of his rights and the sentencing ranges he faced prior to pleading guilty. She also noted the facts recited by the State during the plea colloquy were sufficient to meet the elements of the charged offenses. Counsel further pointed out that defendant’s sen
 
 *1129
 
 tences were imposed in accordance with a plea bargain that was set forth in the record at the time of the plea and, thus, he is precluded from appealing his sentence.
 

 Counsel also reviewed the denial of the motion to suppress and stated she found no errors. She explained the evidence was seized pursuant to search warrants obtained after two separate controlled buys that occurred at defendant’s | ,;residence based on information police obtained from a confidential informant. Counsel noted the record showed that the information given by the confidential informant was corroborated by the police and, thus, the evidence was sufficient to support a probable cause finding for the search warrants.
 

 Further, we have conducted our own review of the record and have thoroughly examined the minute entries, the pleadings, the guilty plea and sentencing proceedings, the multiple offender proceedings, and the motion to suppress hearing. Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
 

 Along with the appellate brief and a request for an error patent review, defendant’s appellate counsel has filed a motion to withdraw as attorney of record, which states she complied with the requirements of
 
 Anders,
 
 and that she notified defendant of his right to file a supplemental brief. Defendant has filed a
 
 pro se
 
 supplemental brief assigning one error which we will now address.
 

 PRO SE ASSIGNMENT OF ERROR NUMBER ONE
 

 Defendant argues that his trial counsel was ineffective during the motion to suppress proceedings. Specifically, defendant alleges that trial counsel failed to put forth any evidence which discredited or impeached the testimony presented by the State. He also claims that trial counsel failed to raise any legal reason to suppress the evidence, particularly pointing to counsel’s failure to challenge the search warrant on the basis the statute that allows a commissioner to sign a warrant is unconstitutional.
 

 A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that (1) his attorney’s performance was |7deficient, and (2) the deficiency prejudiced him.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984);
 
 State v. Soler,
 
 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075,
 
 writ denied,
 
 94-1361 (La.11/4/94), 644 So.2d 1055. The error is prejudicial if it was so serious as to deprive the defendant of a fair trial, or “a trial whose result is reliable.”
 
 Strickland v. Washington,
 
 466 U.S. at 687, 104 S.Ct. at 2064;
 
 State v. Serio,
 
 94-131 (La.App. 5 Cir. 6/30/94), 641 So.2d 604, 607,
 
 writ denied,
 
 94-2025 (La.12/16/94), 648 So.2d 388. In order to show prejudice, the defendant must demonstrate that, but for counsel’s unprofessional conduct, the outcome of the trial would have been different.
 
 Strickland v. Washington,
 
 466 U.S. at 694, 104 S.Ct. at 2068;
 
 State v. Soler,
 
 636 So.2d at 1075.
 

 The Sixth Amendment does not guarantee a defendant errorless counsel or counsel judged ineffective by hindsight. Ineffective assistance claims are assessed on the facts of the particular case as seen from the counsel’s perspective at the time. As such, there is a strong presumption that counsel’s conduct will fall within the wide range of reasonable professional assistance.
 
 State v. Cambre,
 
 05-888 (La. App. 5 Cir. 7/25/06), 939 So.2d 446, 460,
 
 *1130
 

 writ denied,
 
 06-2121 (La.4/20/07), 954 So.2d 158.
 

 An ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the trial court where a full evidentiary hearing can be conducted. When the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by an assignment of error on appeal, it may be addressed in the interest of judicial economy.
 
 State v. Taylor,
 
 04-346 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 595.
 

 In the present case, the record is sufficient to address defendant’s claim of ineffective assistance of counsel. We have thoroughly reviewed the motion to |ssuppress proceedings and find, for the reasons which follow, that defendant failed to prove that counsel was ineffective.
 

 In the present case, the evidence was seized pursuant to search warrants. As a general rule, searches and seizures must be conducted pursuant to a validly executed search warrant or arrest warrant.
 
 State v. Holmes,
 
 08-719 (La.App. 5 Cir. 3/10/09), 10 So.3d 274, 278. When evidence is seized pursuant to a search warrant, the defendant bears the burden of proof at a hearing on his motion to suppress that evidence. LSA-C.Cr.P. art. 703(D);
 
 State v. Johnson,
 
 08-265 (La.App. 5 Cir. 8/19/08), 994 So.2d 595, 599.
 

 A search warrant may be issued only upon probable cause established to the satisfaction of a magistrate, by the affidavit of a credible person, particularly describing the person or place to be searched and the things to be seized.
 
 State v. Johnson,
 
 994 So.2d at 598. Probable cause for the issuance of a search warrant exists when the facts and circumstances within the affiant’s knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched.
 
 State v. Lee,
 
 05-2098 (La.1/16/08), 976 So.2d 109, 122,
 
 cert. denied,
 
 - U.S. -, 129 S.Ct. 143, 172 L.Ed.2d 39 (2008). An affidavit supporting a search warrant is presumed to be valid, and the defendant has the burden of proving that the representations made in the affidavit are false.
 
 State v. Johnson,
 
 994 So.2d at 599.
 

 At the motion to suppress hearing, Detective Shane Klein testified he was the affiant on the search warrant obtained on February 7, 2008, and executed on February 15, 2008. In his affidavit submitted for the search warrant, Detective Klein stated he obtained information from a confidential informant that defendant was distributing large quantities of crack cocaine from his residence. He stated the | conformant gave defendant’s name, exact residence, and described defendant’s vehicle. , Through independent investigation, Detective Klein learned defendant had a criminal history and corroborated information given to him by the confidential informant. Detective Klein also stated the informant participated in a controlled buy in which he was able to purchase crack cocaine from defendant. The affidavit sought to search defendant’s residence and vehicle for controlled dangerous substances and any instrumentalities related to the use, packaging, and distribution of drugs.
 

 Also, Detective Ashton Gibbs testified he was the affiant in the application for a search warrant of defendant’s residence dated March 31, 2008. He explained he applied for a search warrant based on information from a reliable confidential informant that defendant was distributing crack cocaine from his residence. He fur
 
 *1131
 
 ther stated he conducted a controlled buy in which the informant purchased cocaine from defendant. The affidavit sought to search defendant’s residence. As a result of executing the search warrants, the officers seized cocaine, marijuana, drug packaging material, cash, and various other items.
 

 After considering the evidence presented, the trial judge denied the motion to suppress.
 
 [1]
 
 Defendant contends that his trial counsel was ineffective for failing to discredit or impeach the testimony presented by the State, and that this insufficient representation by his attorney resulted in the improper denial of his motion to suppress. We recognize that trial counsel did not call any of his own witnesses at the suppression hearing; however, he cross-examined the State witnesses and questioned them about the confidential informants, the controlled buys, and the applications for the search warrants.
 

 [ inDefendant’s trial counsel asked Detective Klein about how he first came into contact with the confidential informant that he used in the controlled buy. Detective Klein stated that another police agency came across this individual during the course of an investigation, and this individual wanted to provide information in return for money on a subject selling crack in the Jefferson Parish area. Trial counsel also brought out, through cross-examination, that the search warrant did not indicate the specific date of the controlled buy; that Detective Klein did not have a view of the residence during the buy; and that Detective Klein did not personally see the person who answered the door.
 

 With regard to Detective Gibbs, trial counsel cross-examined him about the confidential informant; and he testified that the confidential informant that he used for the controlled buy was working off charges. He also stated that the application presented for the issuance of the search warrant did not indicate the specific date of the buy, but merely gave a time frame of “within the last 48 hours.” Trial counsel also questioned Gibbs about the circumstances surrounding the buy. Although defendant’s counsel did not call his own witnesses, we find that through his cross-examination, he effectively tried to discredit the State’s evidence at the suppression hearing.
 

 Defendant further asserts that trial counsel was ineffective because he failed to challenge the search warrants on the basis they were signed by a commissioner as opposed to an elected judge. He maintains his counsel should have argued that LSA-R.S. 13:716(B)(1), which delegates authority to a commissioner to issue search warrants, is unconstitutional.
 
 [2]
 

 In
 
 State v. Umezulike,
 
 03-1404 (La.2/25/04), 866 So.2d 794, 801-02, the Louisiana Supreme Court found LSA-R.S. 13:716(B)(1) to be constitutional. The | ^supreme court determined that the grant of authority to a commissioner to issue search warrants on probable cause is not unconstitutional noting that there is no requirement that a warrant must be issued by a judge and that a probable cause determination is a quasi-judicial function and is not a function that lies solely with the judiciary. Thus, defendant’s claim that the search warrants were invalid be
 
 *1132
 
 cause they were unconstitutionally signed by a commissioner as opposed to a judge is a meritless argument. A trial counsel’s failure to raise a meritless argument cannot be ineffective assistance of counsel.
 
 See State v. Richardson,
 
 00-416 (La.App. 4 Cir. 2/7/01), 780 So.2d 1103, 1110,
 
 writ denied,
 
 01-998 (La.8/30/02), 823 So.2d 934.
 

 Based on the foregoing reasons, we find that defendant failed to prove that counsel’s performance was deficient or that the deficiency prejudiced him. Accordingly, this assigned error is without merit.
 

 ERROR PATENT DISCUSSION
 

 We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals a sentencing error which requires corrective action.
 

 In the present case, the record reflects that defendant received an illegal sentence on counts one and two, possession with intent to distribute cocaine. In particular, defendant received the entire twenty-five year sentences without the benefit of parole, probation, or suspension of sentence when LSA-R.S. 40:967(B)(4)(b) provides that only the first two years of the sentence shall be without benefits. Although the sentence on count one was vacated in favor of an enhanced multiple offender sentence, defendant’s sentence on count two remains illegal and must be corrected.
 

 | igWhen a sentencing error involves the imposition of restrictions beyond what the legislature has authorized in the sentencing statute, the Louisiana Supreme Court has ruled that the appellate courts “should not rely on LSA-R.S. 15:301.1(A) to correct the error as a matter of law but should correct the sentence on its own authority under LSA-C.Cr.P. art. 882 to correct an illegal sentence ‘at any time.’ ”
 
 State v. Sanders,
 
 04-17 (La.5/14/04), 876 So.2d 42
 
 (per curiam).
 
 Thus, we amend defendant’s sentence on count two to reflect only the first two years of the sentence is to be served without the benefit of parole, probation, or suspension of sentence.
 
 See State v. McCray,
 
 07-143 (La. App. 5 Cir. 7/30/07), 966 So.2d 616, 622,
 
 writ denied,
 
 07-1826 (La.2/1/08), 976 So.2d 715. In accordance with our amendment of the sentence, we remand the matter to the district court with an instruction to amend the minute entry to reflect that only the first two years of defendant’s twenty-five year sentence on count two be served without the benefit of parole, probation, or suspension of sentence and to transmit the amended minute entry to the officer in charge of the institution to which the defendant has been sentenced.
 
 See State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846
 
 (per curiam).
 

 For the reasons set forth herein, we grant appellate counsel’s motion to withdraw as attorney of record. We affirm defendant’s conviction and sentence, as amended, and remand the matter to the district court with instructions relating to the amended sentence.
 

 CONVICTION AND SENTENCE AFFIRMED AS AMENDED, REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 . We note that we find no error in the trial court’s denial of defendant's motion to suppress because the evidence seized from defendant’s residence was done so through valid search warrants. The record shows that under the totality of the circumstances, the search warrants were issued based on probable cause.
 

 [2]
 

 .
 
 See also
 
 LSA-R.S. 13:717(D)(2)(h) which specifically pertains to the commissioners for the 24th Judicial District Court.