FREDERICKA HOMBERG WICKER, Judge.
lain this criminal matter, defendant/appellant, Mr. Jackson’s appellate counsel filed a motion to withdraw with accompanying brief stating that no non-frivolous issues exist which arguably support an appeal. After an independent review of the record, we agree that no non-frivolous issues exist. Therefore, Mr. Jackson’s convictions and sentences are affirmed. The case is remanded to the district court for the correction of an error patent.
Facts and Procedural History
On January 27, 2009, defendant/appellant, Mr. Craig Jackson, was charged by bill of information with eight counts of armed robbery in violation of La. R.S. 14:64. Each of the armed robbery charges was enhanced pursuant to La. R.S. 14:64.3 because the offenses were committed with a firearm. Mr. Jackson was also charged with one count of attempted armed robbery in violation of La. R.S. 14:27 and La. R.S. 14:64 and one count of simple burglary of an inhabited [^dwelling in violation of La. R.S. 14:62.2. He pled not guilty to each count at the arraignment. He later withdrew his not guilty pleas and tendered pleas of guilty to each count.
Pursuant to a plea agreement, Mr. Jackson was sentenced to 18 years imprisonment at hard labor for each count of armed robbery and the one count of attempted armed robbery to be served without the benefit of probation, parole, or suspension of sentence.[1] He was also sentenced to 10 years imprisonment for sim- *111 pie burglary of an inhabited dwelling to be served without the benefit of probation, parole, or suspension of sentence. The sentences were to run concurrently.
On the day the sentence was imposed, Mr. Jackson wrote a letter to the trial judge, which the court construed as a Motion to Reconsider the sentence. The motion was denied. After the delays for appealing had elapsed, Mr. Jackson filed an application for post-conviction relief seeking an out-of-time appeal. He alleged that his plea was not knowingly and intelligently made and that he was denied effective assistance of counsel. The trial court granted an out-of-time appeal and appointed the Louisiana Appellate Project to represent Mr. Jackson.
Discussion
Mr. Jackson’s appellate counsel filed a motion to withdraw and brief with this Court stating that, after a conscientious and thorough review of the record, no non-frivolous issues exist to arguably support an appeal. When appointed counsel has filed such a brief, Anders requires that counsel move to withdraw. State v. Benjamin, 573 So,2d 528, 531 (La.App. 4 Cir.1990).
In Anders v. California, 386 U.S. 738, 744 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), the United States Supreme Court stated that appellate counsel may 14request permission to withdraw if, after a conscientious examination of the record, he finds the case to be wholly frivolous. The request, however, must “be accompanied by a brief referring to anything in the record that might arguably support the appeal.” Id,. This provides the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” State v. Haynes, 09-109, p. 15-16 (La.App. 5 Cir. 2/9/10), 34 So.3d 325, 335 quoting McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
An Anders brief need not tediously catalog every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit. State v. Jyles, 96-2669, p. 2 (La.12/12/97), 704 So.2d 241. Rather, it must ensure the court that the defendant’s constitutional rights have not been violated. Id. Appellate counsel must demonstrate to the court by full discussion and analysis that he has “cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
In this case, we find that appellate counsel has complied with the requirements set forth in Anders. Counsel notes that the record contains no motions filed on Mr. Jackson’s behalf but that Mr. Jackson did file a pro se Motion to Reconsider Sentence which was denied by the trial court. He also notes that the 18 year total sentence is not excessive considering the number of offenses Mr. Jackson was charged with and the fact that the sentence imposed was the sentence |fithat was bargained for. Despite Mr. Jackson’s youth and limited education, appellate counsel found that nothing in the plea colloquy suggested that the plea was not knowingly and intelligently made. On the contrary, he found that the Boykin form and trial court adequately informed Mr. Jackson of the offenses he was pleading guilty to, the rights he was relinquishing, and the sentence he would receive.
*112 The State responded noting that appellate counsel’s brief shows a conscientious and thorough review and recitation of the case’s procedural history. The State further agrees that appellate counsel cast an advocate’s eye over the record when he determined there were no significant non-frivolous issues upon which to base an appeal. The State requests this Court to affirm Mr. Jackson’s convictions and sentences.
When an Anders brief is filed, the appellate court must conduct an independent review of the record. Haynes, supra at 335. After a full examination of all the proceedings, the appellate court proceeds to determine whether the ease is wholly frivolous. Anders, supra at 744, 87 S.Ct. 1396. If it so finds, it may grant counsel’s motion to withdraw and dismiss the appeal. Id. The motion will not be acted upon, however, until the appellate court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his own behalf. Benjamin, supra at 531.
This Court mailed Mr. Jackson a letter on July 7, 2010, informing him that his appellate counsel filed a brief with this Court stating that no non-frivolous issues exist for this Court to review on appeal. We also informed him that he could file a supplemental brief on his own behalf and gave him until August 5, 2010 to do so. Mr. Jackson has failed to file a supplemental brief. Therefore, we will proceed with an independent review of the record which will consist of:
|fil) a review of the bill of information or indictment to insure the defendant was properly charged; 2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; 3) a review of all pleadings in the record; 4) a review of the jury sheets; and 5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Id.
Our review of the record supports appellate counsel’s assertion that no non-frivolous issues arguably support an appeal.
We have reviewed the record in its entirety, including the bill of information, all minute entries, pleadings, and the transcript. Mr. Jackson was present and represented by counsel at arraignment when he entered his not guilty pleas and during the Boylcin hearing when he withdrew those pleas and tendered pleas of guilty as required by La.C.Cr.P. art. 831(A). The trial transcript and Boykin form indicate that Mr. Jackson was adequately advised of the right to a jury trial, the right of confrontation, and the privilege against self-incrimination. The trial judge explained to Mr. Jackson the offenses with which he was charged, the sentencing range for those offenses, and the sentences he would receive pursuant to the agreement. Further, Mr. Jackson acknowledged that he understood his rights and wished to waive them. In addition, he acknowledged that he did, in fact, commit the offenses and explained to the trial court what he had done. As appellate counsel pointed out, there were no rulings on any pre-trial motions in this case to review.
Because the record reveals no non-frivolous issues and no ruling which arguably supports an appeal, Mr. Jackson’s convictions and sentences are affirmed. Appellate counsel’s motion to withdraw is granted.
17Error Patent Discussion
Appellate counsel has requested that this Court review the record for errors patent in conformity with La.C.Cr.P. art. 920. See State v. Oliveaux, 312 So.2d *113 837 (La.1975); State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals sentencing errors that require corrective action.
The transcript reflects that Mr. Jackson received the entire 10 year sentence on count 15 — relative to the simple burglary of an inhabited dwelling — without the benefit of probation, parole, or suspension of sentence, when La. R.S. 14:62.2 provides that only the first year shall be without benefits.
When a sentencing error involves the imposition of restrictions beyond what the legislature has authorized in the sentencing statute, the Louisiana Supreme Court has ruled that the appellate courts “should not rely on LSA-R.S. 15:301.1(A) to correct the error as a matter of law but should correct the sentence on its own authority under LSA-C.Cr.P. art. 882 to correct an illegal sentence ‘at any time.’ ” State v. Johnson, 0-454 [09-454], p. 12 (La.App. 5 Cir. 11/24/09), 28 So.3d 1125, 1132 (citation omitted).
Therefore, we amend Mr. Jackson’s conviction on count 15 to reflect that only the first year of the sentence is to be served without the benefit of probation, parole, or suspension of sentence. Id.; see also State v. McCray, 07-143, p. 10 (La.App. 5 Cir. 7/30/07), 966 So.2d 616, 622, writ denied, 07-1826 (La.2/1/08), 976 So.2d 715.
Moreover, the commitment was amended nun pro tunc on October 9, 2009.[2] The amendment, however, excluded any reference that any of the sentences were imposed without benefits. It also failed to state the sentence imposed for each of the offenses. Rather, it only stated that Mr. Jackson was sentenced to imprisonment at hard labor for 18 years.
|sDecree
For the foregoing reasons, the convictions and sentences are affirmed. The motion to withdraw as counsel is granted. The matter is remanded to the district court to amend the commitment to reflect that each count of armed robbery and the attempted armed robbery sentences are imposed without the benefit of probation, parole, or suspension of sentence; that only the first year of the simple burglary sentence is to be served without the benefit of probation, parole, or suspension of sentence; and that each sentence is imposed at hard labor.
The district court is directed to make an entry in the minutes reflecting this change and the clerk of court is directed to transmit the amended commitment and the minute entry to the officer in charge of the institution to which the defendant has been sentenced. La.C.Cr.P. art. 892(B)(2). State ex rel. Roland v. State, 06-0244, (La.9/15/06), 937 So.2d 846.

CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED WITH INSTRUCTIONS.

. The eight counts of La. R.S. 14:64.3-firearm enhancement — were presumably dropped as the charges do not appear on the Boykin form or during the plea colloquy with the trial court.

. Initially, the commitment incorrectly stated that Mr. Jackson was sentenced to 10 years on count nine — one of the armed robbery charges — and to 18 years on count 15 — the simple burglary of an inhabited dwelling. It was corrected to reflect that Mr. Jackson was sentenced to 10 years on the simple burglary and 18 years for the armed robbery.