MARC E. JOHNSON, Judge.
^Defendant, Shedriek Bennett, appeals his convictions and sentences for battery of a correctional officer. For the reasons that follow, we affirm defendant’s convictions, affirm defendant’s sentences' on *255 counts two and three, and amend defendant’s sentence on count one.

PROCEDURAL HISTORY

On November 25, 2008, defendant was charged in a bill of information with three counts of battery of a correctional officer while incarcerated in a correctional facility in violation of La. R.S. 14:34.2. He proceeded to trial and, on September 15, 2009, a six-person jury found defendant guilty as charged on all three counts. The trial court sentenced defendant to one year imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on each of the three counts, and ordered the sentences be served consecutively.
1 .^Thereafter, the State filed a multiple offender bill of information alleging defendant to be a fourth felony offender on the basis of four predicate felony convictions. After a hearing, the trial court found the State proved only two predicate felony convictions within the ten-year cleansing period of defendant’s underlying conviction on count one. The trial court vacated defendant’s sentence on count one and re-sentenced defendant as a third felony offender on count one to ten years imprisonment at hard labor without benefit of probation or suspension of sentence, to be served concurrently with the consecutive sentences ordered as to counts two and three.

FACTS

On September 6, 2008, defendant was an inmate in the custody of the Jefferson Parish Correctional Center (JPCC). At approximately 2:40 p.m., Deputy Justin Remes, who was assigned to the JPCC, responded to a call involving an altercation between defendant and another inmate in Pod-3B. When he arrived, the inmates had already separated. Deputy Remes noted defendant was “heated” and agitated. He escorted defendant out of the pod and placed him against a wall in the hallway to handcuff him. Defendant resisted efforts to be handcuffed by moving his hands and head wildly and erratically. Deputy Maya Seymour saw Deputy Remes struggling to handcuff defendant and she assisted. A third deputy, Deputy Sean Williams, also assisted in gaining control of defendant and handcuffing him.
After defendant was handcuffed, Deputies Remes, Seymour, and Williams, escorted him to the elevator to take him to the medical area for treatment. While waiting for the elevator, defendant continued to be physically combative. He struck Deputy Seymour in her upper chest and shoulder with his elbow several times. He was also verbally abusive and spit blood, which came from a small cut Ron the inside of his lip, all over the three deputies’ faces and bodies while yelling he would kill them. According to the deputies, defendant said he had used drugs when he was on the streets, he hoped he had AIDS, and he hoped the deputies died. The deputies managed to get defendant to the nurse but he was too combative to immediately be seen.

LAW AND ANALYSIS

Shackling of Defendant

In defendant’s first assignment of error, he argues the trial court erred in ordering him to be shackled during trial. He contends the trial court abused its discretion in shackling him because there was no specific justification for restraining him. He maintains he was prejudiced by being shackled because he was unable to take notes during the trial and could not stand when the jury entered or exited the courtroom. Defendant contends the restraints served no purpose but to influence *256 the jury to think he was so dangerous he must have committed the charged crimes.
Prior to the commencement of trial, the trial judge ordered that defendant be shackled. He specifically noted that he was doing so because he was concerned with the health of defendant’s appointed counsel. Defense counsel objected, and the trial judge responded:
Mr. Bennett has a history in this courtroom of having had a confrontation with officers in the past. He created a question in my Bailiffs mind yesterday when he wasn’t shackled as to the safety of the courtroom. As such, the Court has made a decision based upon his alleged prior bad acts, that is a manslaughter charge, and the activity in this case and both as to the charges, and to his acting out in this courtroom before, and is going to overrule the objection. Order that he be shackled, but it’s my understanding the shackles do not create any noise because they are a synthetic material, and it’s my understanding if he keeps his hands down no one will know that he is handcuffed.
| ¿“Ordinarily, a defendant before the court should not be shackled or handcuffed or garbed in any manner destructive of the presumption of his innocence and of the dignity and impartiality of judicial proceedings.” State v. Wilkerson, 403 So.2d 652, 659 (La.1981). However, exceptional circumstances may require the trial court, within its discretion, to restrain a defendant for reasons of courtroom security or order or where the defendant’s past conduct reasonably justifies apprehension that he may attempt to escape. For a finding of reversible error, the record must show an abuse of the trial court’s discretion resulting in clear prejudice to the accused. Id.
The record shows defendant had a history of violent and threatening conduct in the courtroom. At the preliminary hearing five months before trial, defendant lost control in court during the testimony of a State’s witness and had an expletive-laden outburst requiring the trial judge to repeatedly warn defendant to calm down. Based on defendant’s past conduct, the trial court’s bailiff expressed concern for the security of the courtroom. We find no abuse of the trial court’s discretion in ordering defendant shackled during trial under these circumstances.
Additionally, we find defendant has failed to show he was prejudiced by being shackled. Defendant does not allege and the record does not show that the jury actually observed or was able to observe that defendant was shackled. The trial judge explained that the shackles would not be visible to the jury if defendant kept his hands down. There is no indication defendant did not keep his hands down. Although defendant alleges he was prejudiced by his inability to stand when the jury entered and exited the courtroom, we note that defendant was not alone in remaining seated as the record shows defense counsel also remained seated. Further, we find defendant was not prejudiced by his inability to take notes during trial due to the shackles. This case was uncomplicated, involved only four |fiState witnesses, and took only one day to present. Accordingly, this assignment of error lacks merit.

Other Crimes Evidence

In defendant’s second assignment of error, he contends the trial court erred in admitting other crimes evidence without notice and a hearing. He further argues the prejudice of the other crimes evidence outweighed its probative value. The State responds that the evidence at issue constituted res gestae or an integral part of the crime and, therefore, the evidence was admissible without notice or a hearing.
*257 Prior to trial, defense counsel raised the issue of the admissibility of a statement allegedly made by defendant regarding other crimes evidence. The statement at issue was that defendant had been a drug user on the streets and that he hoped he had AIDS so the deputies would all die. Defense counsel argued that any reference to defendant’s prior drug use was inadmissible other crimes evidence. She further asserted that she had not received notice of the State’s intent to use other crimes evidence. The trial court found the statement demonstrated intent and ruled the evidence admissible.
Generally, evidence of other crimes or bad acts committed by a criminal defendant is not admissible at trial. La. C.E. art. 404 B(1); State v. Prieur, 277 So.2d 126, 128 (La.1973). However, when evidence of other crimes tends to prove a material issue and has independent relevance other than to show that the defendant is of bad character, it may be admitted by certain statutory and jurisprudential exceptions to this rule. State v. Dauzart, 02-1187 (La.App. 5 Cir. 3/25/03), 844 So.2d 159, 165. Evidence of other crimes is allowed to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of 17mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding to such an extent that the State could not accurately present its case without reference to the prior bad act. La. C.E. art. 404(B)(1); Dauzart, supra.
In order for other crimes evidence to be admitted under La. C.E. art. 404(B)(1), one of the factors enumerated in the article must be at issue, have some independent relevance, or be an element of the crime charged. State v. Jackson, 93-0424 (La.10/18/93), 625 So.2d 146, 149. Further, the probative value of the extraneous evidence must outweigh its prejudicial effect. La. C.E. art. 403.
Evidence that constitutes an integral part of the crime, formerly known as “res gestae,” is admissible without any prior notice to the defense. State v. Charles, 00-1586 (La.App. 5 Cir. 6/27/01), 790 So.2d 705, 708. A close connexity is required between the charged and uncharged conduct to assure that the purpose served by admission of the other crimes evidence is to complete the story of the crime on trial by proving its immediate context of happenings near in time and place, rather than to depict the defendant as a bad man. Id. Evidence constituting an integral part of the crime includes not only spontaneous utterances and declarations made before or after the commission of the crime, but also testimony of witnesses and police officers pertaining to what they heard or observed before, during, or after the commission of the crime, provided a continuous chain of events is evident under the circumstances. State v. Parker, 536 So.2d 459, 461-62 (La.App. 1 Cir.1988), writ denied, 584 So.2d 670 (La.1991). As recognized by this Court,
[t]he test for integral act (res gestae) evidence is, therefore, not simply whether the State might somehow structure its case to avoid any mention of the uncharged act or conduct, but whether doing so would deprive the State’s case of narrative momentum and cohesiveness, ‘with power not only to support conclusions |sbut to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict.’
State v. Rhea, 03-1273 (La.App. 5 Cir. 2/23/04), 868 So.2d 863, 867 (citing State v. Colomb, 98-2813 (La.10/1/99), 747 So.2d 1074, 1076, quoting Old Chief v. United *258 States, 519 U.S. 172, 187, 117 S.Ct. 644, 653, 136 L.Ed.2d 574 (1997)).
The defendant bears the burden to show that he was prejudiced by the admission of the other crimes evidence. State v. Dauzart, 844 So.2d at 165-166. Clearly, evidence of other crimes or bad acts is prejudicial since all evidence which tends to make it more probable than not that an individual committed a criminal offense is necessarily prejudicial. The underlying policy is not to prevent prejudice, since evidence of other crimes is always prejudicial, but to protect against unfair prejudice when the evidence is only marginally relevant to the determination of guilt of the charged crime. State v. Williams, 02-645, p. 16 (La.App. 5 Cir. 11/26/02), 833 So.2d 497, 507, writ denied, 02-3182 (La.4/25/03), 842 So.2d 398. Absent an abuse of discretion, a trial court’s ruling on the admissibility of evidence pursuant to La. C.E. art. 404(B)(1) will not be disturbed. State v. Merritt, 04-204, p. 11 (La.App. 5 Cir. 6/29/04), 877 So.2d 1079, 1085, writ denied, 04-1849 (La.11/24/04), 888 So.2d 228.
The record shows three sheriffs deputies testified that defendant spontaneously blurted out that he had been a drug user and that he hoped he had AIDS so that the deputies would die. The deputies stated defendant made the statement while spitting blood at them. We find the contested statement was admissible as an integral part of the crime. See State v. Harris, 28,517, pp. 8-9 (La.App. 2 Cir. 8/21/96), 679 So.2d 549, 556, unit denied, 96-2954 (La.9/26/97), 701 So.2d 975 (statement made by the defendant during a drug transaction that he |9hoped undercover officer to whom he was selling drugs was not the police because he had been in trouble before, constituted an integral part of transaction and came within ambit of res gestae); and State v. Mickel, 581 So.2d 404, 405 (La.App. 5 Cir.1991) (testimony in prosecution for illegal use of weapon that the defendant stated “I’ll shoot you, too,” was admissible as an integral part of weapons charge). Accordingly, we find no merit to this assignment of error.

Excessive Sentence

In his last assignment of error, defendant argues his maximum ten-year enhanced sentence is excessive. Although defendant contends on appeal that the trial court failed to comply with La.C.Cr.P. art. 894.1, the motion to reconsider sentence he filed with the district court did not argue that the trial judge failed to follow the sentencing guidelines of Article 894.1. The failure to state the specific grounds on which a motion to reconsider sentence is based limits a defendant to a review of the sentence for constitutional excessiveness. State v. White, 09-1122, p. 5 (La.App. 5 Cir. 6/29/10), 44 So.3d 309, 311.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith, 01-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. Id. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lawson, 04-334, p. 6 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 622.
A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. The issue [ inon appeal is whether the trial court abused its discretion, not whether *259 another sentence might have been more appropriate. State v. Dorsey, 07-67, p. 5 (La.App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Pearson, 07-332, p. 15 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656. In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. Id., 07-332 at 15-16, 975 So.2d at 656.
Defendant was convicted of battery of a correctional officer while in a correctional facility, which provides a sentencing range of one to five years imprisonment with or without hard labor. La. R.S. 14:34.2(B)(2). Defendant was later adjudicated a third felony offender and faced sentencing under La. R.S. 15:529.1(A)(b)(i), which at the time of his sentencing provided for an enhanced sentence of “not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction,” or between forty months and ten years. Defendant received the maximum ten-year sentence.
Ten-year or harsher sentences are not unheard of for multiple felony offenders convicted of battery of a correctional officer. In State v. Harrison, 06-897 (La.App. 5 Cir. 3/27/07), 957 So.2d 199, the defendant was convicted of two counts of battery of a correctional officer while incarcerated in a correctional facility and one count of simple battery. He was later found to be a second felony offender and was sentenced to ten years as a multiple offender. Additionally, in State v. Negron, 09-1204 (La.App. 1 Cir. 12/23/09), 2009 WL |T15647228 (unpublished opinion)[1], writ denied, 10-266 (La.9/17/10), 45 So.3d 1040, the defendant was convicted of one count of battery of a correctional facility employee. He was adjudicated a third felony offender and was initially sentenced to life imprisonment. On a motion to reconsider sentence, the trial court reduced defendant’s enhanced life sentence to forty years. The First Circuit affirmed the enhanced sentence after concluding it was not constitutionally excessive.
In the instant case, defendant acted in a violent manner towards another inmate, who had to be hospitalized, and three correctional officers. He has an extensive criminal history and has a pending charge for manslaughter. Based on these circumstances, we cannot say the trial court abused its discretion in imposing a maximum ten-year enhanced sentence based on defendant’s status as a third felony offender.

ERRORS PATENT

We reviewed the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We note defendant *260 received illegally lenient sentences because he did not receive a mandatory fine on counts two and three, and the enhanced sentence on count one was imposed without the restriction of parole and was ordered to run concurrently with counts two and three as opposed to consecutively as required by the underlying statute. La. R.S. 14:34.2(B)(2) provides that an offender convicted of battery of a correctional officer while incarcerated in a correctional facility “shall be fined not more than one thousand [^dollars and imprisoned with or without hard labor without benefit of parole, probation, or suspension of sentence for not less than one year nor more than five years.” Additionally, the statute states, “[s]uch sentence shall be consecutive to any other sentence imposed for violation of the provisions of any state criminal law.” The State did not object to the illegally lenient sentences at the time of sentencing but noted the errors in its brief on appeal.
The appellate court may correct an illegal sentence at any time regardless of whether either party raises the issue. This authority is permissive rather than mandatory. See La.C.Cr.P. art. 882; State v. Campbell, 08-1226, p. 8 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, 1081, writ denied, 09-1385 (La.2/12/10), 27 So.3d 842, citing State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790. While this Court has held that a statute providing for a fine of “not more than” a specified amount requires a mandatory fine, the matter is not free from doubt. See State v. Kerlec, 06-838, p. 8 (La.App. 5 Cir. 4/11/07), 957 So.2d 810, 814, writ denied, 07-1119 (La.12/7/07), 969 So.2d 626; State v. Jackson, 04-728, p. 10 (La.App. 5 Cir. 12/14/04), 892 So.2d 71, 78, writ denied, 05-548 (La.1/9/06), 918 So.2d 1033. Because the matter is not free from doubt and because defendant is indigent,[2] we decline to exercise our discretion to correct defendant’s illegally lenient sentences, to the extent defendant did not receive a fine, on counts two and three.
When a defendant is sentenced as a habitual offender, the penalty increase is computed by reference to the sentencing provisions of the underlying offense. Similarly, the conditions imposed on the sentence are those called for in the referenced statute. State v. Bruins, 407 So.2d 685, 687 (La.1981). The conditions of La. R.S. 14:34.2(B)(2) require the sentence be imposed without benefit of parole 11sand that it run consecutively, to any other sentence imposed for a violation of any state criminal law. Thus, defendant’s enhanced sentence should have been imposed without benefit of parole and ordered to run consecutively to his other sentences.
Under La. R.S. 15:301.1 and State v. Williams, supra, a statute’s requirement that a defendant be sentenced without benefit of parole, probation or suspension of sentence is self-activating. Therefore, the fact the trial court failed to impose defendant’s enhanced sentence without benefit of parole requires no corrective action by this Court. However, the trial court’s failure to order the enhanced sentence to run consecutively to any sentence imposed for the violation of any state criminal law requires corrective action. Accordingly, defendant’s sentence on count one is amended to provide that the 10-year sentence is to run consecu *261 tively to any sentence imposed for the violation of any state criminal law.

DECREE

Defendant’s convictions for battery of a correctional officer while in a correctional facility are affirmed. His ten-year enhanced sentence on count one is amended to provide that it run consecutively to any sentence imposed for the violation of any state criminal law. His sentences on counts two and three are affirmed.
In accordance with our amendment of the sentence on count one, we remand the matter to the district court with an instruction to amend the minute entry to reflect that defendant’s sentence on count one is to run consecutively to any sentence imposed for the violation of any state criminal law and to transmit the amended minute entry to the officer in charge of the institution to which the defendant has been sentenced. See State v. Johnson, 09-454, p. 12 (La.App. 5 Cir. 11/24/09), 28 So.3d 1125, 1132, writ denied, 10-0001 (La.6/25/10), 38 So.3d 355, citing State ex rel. Roland v. State, 06-244 (La.9/15/06), 937 So.2d 846 (per curiam).

CONVICTIONS AFFIRMED; SENTENCE ON COUNT ONE AMENDED AND AFFIRMED AS AMENDED; SENTENCES ON COUNTS TWO AND THREE AFFIRMED; REMANDED WITH INSTRUCTIONS

. LSA-C.C.P. art. 2168, which was added by Acts 2006, No. 644, § 1, provides that unpublished opinions of the supreme court and the courts of appeal shall be posted by such courts on the courts' Internet websites and that those posted opinions may be cited as authority. It is noted that the Negron opinion is posted on the Louisiana First Circuit Court of Appeal's website. Further, Uniform Rules, Courts of Appeal, Rule 2-16.3 addresses citation and publication of cases. Before the uniform rule was amended in 2007, the rule had provided that opinions and dispositions marked "Not Designated for Publication" could not be cited, quoted, or referred to by any counsel, or in any argument, brief, or other materials presented to any court, except in continuing or related litigation. However, Rule 2-16.3 no longer contains a limitation on citing to unpublished cases.

. Defendant is represented on appeal by the Louisiana Appellate Project. See State v. McGee, 09-102, p. 12 (La.App. 5 Cir. 9/29/09), 24 So.3d 235, 242, in which this Court refrained from exercising its authority to correct an illegally lenient sentence imposed without a mandatory fine, reasoning that the defendant appeared indigent because he was represented by the Louisiana Appellate Project.