MARC E. JOHNSON, Judge.
|2Pefendant, Ryan Jaufre, appeals his conviction and sentence for armed robbery from the 24th Judicial District Court, Division “B”. For the following reasons, we affirm Defendant’s conviction and sentence and remand the matter for correction of the Uniform Commitment Order. Additionally, we grant appellate counsel’s motion to withdraw.
*889 FACTS AND PROCEDURAL HISTORY
On May 24, 2011, Defendant was charged by bill of information by the Jefferson Parish District Attorney with two counts of armed robbery, violations of La. R.S. MiG!.[1] Defendant pleaded not guilty to both counts at his arraignment on May 25, 2011. On February 28, 2012, the State entered a nolle prosequi as to count one.
On February 29, 2012, Defendant filed a Motion for Competency Examination. A hearing was held on Defendant’s motion on March 28, 2012, after |Rwhich the trial court found Defendant competent to stand trial. Subsequent to the hearing, the trial court denied Defendant’s request to change his plea from not guilty to “not guilty and not guilty by reason of insanity” until additional information was provided to support Defendant’s request. Having failed to present sufficient evidence of a mental disease or defect, on April 9, 2012, the trial court denied Defendant’s request to change his plea.
On June 11, 2012, Defendant withdrew his not guilty plea and pleaded guilty to one count of armed robbery. Defendant was then sentenced in accordance with the plea agreement to twenty-five years imprisonment at hard labor, to be served without benefit of probation, parole, or suspension of sentence. The trial court further ordered Defendant’s sentence to run concurrent with the parole violation sentence Defendant was serving at that time.
Since Defendant pleaded guilty, the facts surrounding the offense were not fully developed at trial; however, during the plea colloquy the State provided a factual basis for Defendant’s plea. The State alleged that on April 2, 2011, Defendant and his co-defendant, Zachary Runnels, robbed John Segari, an employee of Contempra Inn, located in Jefferson Parish, with a gun.
On September 6, 2012, a counseled application for post-conviction relief was filed on Defendant’s behalf, alleging that his guilty plea was induced by the trial court’s refusal to permit him to plead not guilty and not guilty by reason of insanity, which in turn denied him the right to introduce evidence of his mental disease or defect at trial. On January 16, 2018, the trial court dismissed Defendant’s counseled application for post-conviction relief without prejudice, finding Defendant’s application premature as he first failed to exhaust his appellate rights, making his claims procedurally barred from review. On January 8, 2014, Defendant filed a pro se application for post-conviction relief requesting an out-ofjfime4 appeal, arguing that his counsel failed to file a timely appeal on his behalf. On March 10, 2014, the trial cqurt granted Defendant’s request for an out-of-time appeal. The instant appeal follows.
ASSIGNMENTS OF ERROR[2]
On appeal, Defendant seeks review of his conviction and sentence in conformity with the procedures outlined in State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241 (per curiam).
LAW AND ANALYSIS
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96); 676 So.2d 1108, 1110- *890 11,[3] appointed appellate counsel has filed a brief asserting that he has made a conscientious and thorough review of the entire appellate record, including the procedural history and facts, and has not found any non-frivolous issues to raise on appeal.[4] Accordingly, appointed counsel requests permission to withdraw as counsel of record.
After receiving appellate counsel’s brief and motion to withdraw, this Court performed a full examination of the appellate record to determine whether the appeal is frivolous in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241 (per curiam). Our independent examination of the record in the instant case consisted of (1) a review of the bill of information to ensure that Defendant was properly charged; (2) a review of all minute entries to ensure that Defendant was present at all crucial stages of the proceedings and that the conviction and sentence Rare legal; and (3) a review of all the transcripts to determine if any ruling provides an arguable basis for appeal. We find no non-frivolous issues.
However, we note that the State of Louisiana Uniform Commitment Order reflects the date of the offense as April 12, 2011; however, the bill of information reflects that the date of the offense was actually April 2, 2011, and the record supports this date. Additionally, although the commitment and transcript indicate Defendant’s sentence is to be served without benefit of probation, parole or suspension of sentence, the Uniform Commitment Order does not reflect these restrictions.
This Court has previously remanded a case for correction of the Uniform Commitment Order in its error patent review. See State v. Lyons, 13-564 (La.App. 5 Cir. 1/31/14); 134 So.3d 36 (citing State v. Long, 12-184 (La.App. 5 Cir. 12/11/12); 106 So.3d 1136, 1142). Accordingly, we remand this matter and order that the Uniform Commitment Order be corrected to reflect the correct date of the offense, April 2, 2011. In order to ensure an accurate record, we also order that the Uniform Commitment Order be corrected to reflect that Defendant’s sentence is to be served without benefit of probation, parole or suspension of sentence, despite the self-activating nature of these restrictions.[5] Additionally, we direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected Uniform Commitment Order to the officer in charge of the institution to which Defendant has been sentenced and the Department of Corrections’ Legal Department. See, Long, 106 So.3d at 1142 (citing La. C.Cr.P. art. 892(B)(2)).
Based on the foregoing, we find that Defendant’s guilty plea and sentencing do not present any issues for appeal. Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court | ^proceedings and cannot identify any *891 basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we affirm Defendant’s conviction and sentence. Appellate counsel’s motion to withdraw as attorney of record is granted.
DECREE
For the foregoing reasons, the conviction and sentence of Defendant, Ryan Jaufre, are affirmed. We also grant appellate counsel’s motion to withdraw. Additionally, we remand the matter pursuant to the instructions provided in accordance with this opinion.

CONVICTION AND SENTENCE AFFIRMED; COMMITMENT REMANDED FOR CORRECTION; MOTION TO WITHDRAW GRANTED.

. Zachary Runnels was also named as a co-defendant in the bill of information.

. This Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La. 1975), and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir. 1990), regardless of whether a defendant makes such a request.

. In Bradford, supra, this Court adopted the procedures'outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95); 653 So.2d 1176, 1177 (per curiam ).

. On June 10, 2014, this Court notified Defendant of his right to file a pro se supplemental brief in this appeal. Defendant failed to file a supplemental brief.

. See State v. Bennett, 10-393 (La.App. 5 Cir. 3/29/11); 63 So.3d 251, 260, writ denied, 11-931 (La. 10/21/11); 73 So.3d 381, regarding self-activating statutory restrictions on benefits.