STATE OF LOUISIANA

VERSUS

ELZEY JEFFREY PERILLOUX

NO. 23-KH-413

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

September 01, 2023

Linda Wiseman
First Deputy Clerk

**IN RE** STATE OF LOUISIANA

**APPLYING FOR**  SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE FRANZ L. ZIBILICH, JUDGE AD HOC, DIVISION "C", NUMBER 18,193

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Stephen J. Windhorst

## WRIT GRANTED, IN PART; BAIL CONDITIONS VACATED; WRIT DENIED, IN PART; REMANDED

Relator, the State of Louisiana, seeks review of the trial court's August 22, 2023 ruling that granted the motion for appeal bond filed by Defendant, Elzey Jeffrey Perilloux, authorized Defendant to be bonded out and released, and ordered specific bail conditions.

At the hearing on the motion, Defendant requested the granting of his appeal bond pursuant to La. C.Cr.P. arts. 312(E) and 916.  He argued that, if he were granted bail, he would neither be a flight risk nor a danger to his community, and he would likely be successful in his pending appeal with this Court.  When referencing his possible danger to the community, Defendant contended that his TIGER[1] score is

---

[1] Defendant's counsel explained that a TIGER score is the standardized risk assessment done by the Louisiana Department of Corrections and is a consideration of the parole board to assess future danger and risk to the community.

low; he did not have any write-ups[2] during his imprisonment; and he completed various rehabilitation programs while in prison.

The State countered Defendant's argument, contending that Defendant would be a danger to the community and to himself, as well as a potential flight risk. The State presented numerous arguments as to why Defendant should not be released on post-conviction bail, including: Defendant waited a long time to file his motion; Defendant's pre-sentencing bail had been revoked; Defendant is maintaining his innocence and has not taken responsibility for his actions; Defendant's convictions and sentences will likely be affirmed on appeal; if Defendant continues to "do what he had done in the past he's going to harm additional individuals," and he's not rehabilitated[3]; and the evidence from the previous court proceedings showed that Defendant is a danger to the community and a flight risk. In an effort to supports its opposition, the State presented a letter from M.S., a former friend of Defendant's daughter, and the live statement of E.H., a victim.

After the presentation of evidence, the trial court held that, pursuant to the discretion provided in La. C.Cr.P. art. 312, an appeal bond would be allowed. The parties conferred regarding Defendant's bail conditions, and the conditions proposed by the State were adopted by the trial court. The instant writ application followed.

La. Const. Art. 1, § 18, entitled "Right to Bail", provides:

(A) Excessive bail shall not be required. Before and during a trial, a person shall be bailable by sufficient surety, except when he is charged with a capital offense and the proof is evident and the presumption of guilt is great. After conviction and before sentencing, a person shall be bailable if the maximum sentence which may be imposed is imprisonment of five years or less; and the judge may grant bail if the maximum sentence which may be imposed is imprisonment exceeding five years. After sentencing and until final judgment, a person shall be bailable if the sentence actually imposed is five years or less; *and the judge may grant bail if the sentence actually imposed exceeds imprisonment for five years*.

---

[2] "Write up" referred to a disciplinary infraction.
[3] The State argued that courses taken while in prison did not outweigh Defendant's risk to the community and potential flight risk.

2

(B) However, a person charged with a crime of violence as defined by law or with production, manufacture, distribution, or dispensing or possession with intent to produce, manufacture, distribute, or dispense a controlled dangerous substance as defined by the Louisiana Controlled Dangerous Substances Law, and the proof is evident and the presumption of guilt is great, shall be not be bailable if, after a contradictory hearing, the judge or magistrate finds by clear and convincing evidence that there is a substantial risk that the person may flee or poses an imminent danger to any other person or the community.

(Emphasis added).

La. C.Cr.P. art. 312 provides, in pertinent part:

A. Except as provided in this Article and Article 313, a person in custody who is charged with the commission of an offense is entitled to bail before conviction.

\*\*\*

E. After conviction and before sentence, bail shall be allowed if the maximum sentence which may be imposed is imprisonment for five years or less. Bail may be allowed pending sentence if the maximum sentence which may be imposed is imprisonment exceeding five years, except when the court has reason to believe, based on competent evidence, that the release of the person convicted will pose a danger to any other person or the community, or that there is a substantial risk that the person convicted might flee.

F. After sentence and until final judgment, bail shall be allowed if a sentence of five years or less is actually imposed. ***Bail may be allowed after sentence and until final judgment if the sentence actually imposed exceeds imprisonment for five years, except when the court has reason to believe, based on competent evidence, that the release of the person convicted will pose a danger to any other person or the community, or that there is a substantial risk that the person convicted might flee***.

(Emphasis added).

In this matter, pursuant to La. Const. Art. 1, § 18 and La. C.Cr.P. art. 312(F)[4], the trial court had the discretion to grant bail to Defendant. La. C.Cr.P. art. 312(F) required that competent evidence be presented to give the trial court a reason to believe that Defendant would pose a danger to any other person or the community, or that there would be a substantial risk he would flee.[5] Several times during the

---

[4] At the hearing, the State, Defendant, and the trial judge agreed that Defendant's motion was based on La. C.Cr.P. art. 312(E). That particular Subsection applies to bail pending sentence. However, Defendant has already been sentenced. Thus, we find that the La. C.Cr.P. art. 312(F) is the appropriate Subsection to consider for this matter.

[5] We note the provisions of La. C.Cr.P. art. 312(G), which states in pertinent part:

hearing, the trial judge posed the inquiry of whether there was any competent evidence that shows Defendant is currently a danger to the community or is a substantial flight risk. After hearing the arguments and the testimonies presented, the trial judge found there was no competent evidence that Defendant should not be allowed to have an appeal bond. The judge orally reasoned that no competent evidence had been presented to show that the release of Defendant would pose a danger to any person or the community, or that there is a substantial risk that Defendant might flee. He further reasoned that Defendant presented evidence showing he is "doing everything in his power to participate in various programs/rehabilitation efforts."

After considering the evidence presented, in conjunction with the discretion afforded to the trial court by La. Const. Art. 1, § 18 and La. C.Cr.P. art. 312(F), we cannot find that the trial court was erroneous in granting Defendant post-conviction bail. Although this Court may disagree with the trial court's weighing of the evidence, it is not the function of the appellate court to assess credibility or reweigh the evidence. *State v. Havies*, 22-133 (La. App. 5 Cir. 12/22/22), 355 So.3d 677, 687. The trial court did not find that there was competent evidence presented to give it reason to believe that Defendant currently poses a danger to any other person or the community, or that there is currently a substantial risk that Defendant might flee. We cannot find that the trial court abused its discretion in its assessment.

Nevertheless, we find that the bail conditions set by the trial court were insufficient at the time Defendant's bail bond was issued. According to the

---

(2)(a) After conviction of any crime punishable by imprisonment for twenty-five years or more that is both a sex offense and a crime of violence, there shall be a rebuttable presumption that the release of the person convicted will pose a danger to another person or the community and that there is a substantial risk that the person convicted might flee.

    (b) For purposes of this Paragraph:

        (i) "Crime of violence" means any offense defined or enumerated as a crime of violence in R.S. 14:2(B).

        (ii) "Sex offense" means any offense that requires registration and notification pursuant to R.S. 15:540 et seq.

Because Defendant's convictions in this case were not punishable by imprisonment for 25 years or more, the rebuttable presumption stated in La. C.Cr.P. art. 312(G)(2)(a) does not apply.

testimony of Carl Freeman, Defendant will reside in his home at 355 Somerset Drive in LaPlace, Louisiana while released on bond. However, the trial court ordered the State to have an officer research the nearest school distance from the residence, rather than the court readily having that information prior to Defendant's release. Defendant is a convicted sex offender and must abide by specific restrictions, which include the prohibition of being in or near the places listed in La. R.S. 15:538(D). As such, we find that the trial court erred in issuing Defendant's conditions of release without considering whether the residence proposed is compliant with Defendant's sex offender restrictions.

Therefore, we vacate the trial court's August 23, 2023 order setting forth Defendant's bail conditions for release and remand the matter for reconsideration in accordance with the reasons stated herein.[6] Accordingly, the writ application is granted for the above-mentioned limited purpose. In all other respects, the writ application is denied.

Gretna, Louisiana, this 1st day of September, 2023.

**MEJ**
**SJW**

---

[6] Upon remand, we recommend that Defendant be placed on strict house arrest, only allowing him to leave the residence for emergencies and doctor's visits, pending the resolution of his appeal in 21-KA-448, *State v. Perilloux.*

STATE OF LOUISIANA

VERSUS

ELZEY JEFFREY PERILLOUX

NO. 23-KH-413

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**WICKER, J., DISSENTS WITH REASONS**

I have thoroughly considered the majority's decision, and I respectfully disagree. While I respect the majority's recommendation of enhanced bail conditions, including house arrest, I believe, given the particularly personal and violative nature of the crimes for which defendant was convicted—as well as the youth of the victims, both at the time the crimes were committed and now—that these restrictions are insufficient to protect the mental health and sense of security to which both the victims and the community are entitled.

La. C.Cr.P. art. 312(F) provides, in pertinent part:

Bail may be allowed after sentence and until final judgment if the sentence actually imposed exceeds imprisonment for five years, except when the court has reason to believe, based on competent evidence, that the release of the person convicted will pose a danger to any other person or the community, or that there is a substantial risk that the person convicted might flee.

At the hearing on the Motion for Appeal Bond, the State argued that defendant has not taken responsibility for his actions and has not shown that he understands how his actions affected others. The State also asserted that defendant maintains the alleged acts for which he was convicted do not constitute a crime. In M.S.'s statement, which her father read at the hearing,[7] she expressed concern that defendant "sees no wrong in his actions" and "thinks everything he did was okay." Failure to understand the severity of the offenses

---

[7] M.S.'s father indicated that M.S. was not a "direct victim of the crimes that were convicted," but she was involved and subject to inappropriate behavior by defendant in connection with the crimes.

23-KH-413

at issue raises a legitimate concern that defendant would pose a danger to others if released on bail pending the appeal.

Additionally, one of the victims, E.H., testified at the hearing that while it has been several years since the offenses occurred, she continues to deal with the effects of defendant's crimes. E.H. indicated that she fears defendant "could be living on the streets next to any one of us" if released on bond. She further expressed concern that she and other victims "could run into [defendant] at any time in this small town." E.H. testified that prior to the time defendant went to jail, she was "so paranoid" that she would run into him, and she does not want to feel that way again.

In my view, allowing defendant to be released on bond into this small community would cause undue stress for the young women who were victims in this case, and pose a danger to their mental health. Defendant's release would also pose a danger to the community's general sense of security and well-being. Defendant's presence in this small community could reasonably cause both his victims and the community as a whole to feel re-victimized or at risk.

Defendant was found guilty by a unanimous jury of three counts of indecent behavior with a juvenile and one count of misdemeanor sexual battery. There is a significant difference between pretrial detention and post-conviction confinement. *State v. Hale*, 22-1361 (La. App. 1 Cir. 12/29/22), 2022 WL 17989379 (unpublished opinion).[8] Defendant's convictions remove the presumption of innocence for these crimes. *Id.*; *State v. Gleason*, 21-1788 (La. 11/1/22), 349 So.3d 977.

Defendant's appeal is set before this Court for hearing on October 10, 2023. Under the circumstances, it is my opinion that the trial court abused its

---

[8] See *State v. Bennett*, 10-393 (La. App. 5 Cir. 3/29/11), 63 So.3d 251, n. 1, *writ denied*, 11-931 (La. 10/21/11), 73 So.3d 381, which states that Uniform Rules, Courts of Appeal, Rule 2-16.3, no longer contains a limitation on citing to unpublished cases.

discretion by granting defendant a post-conviction appeal bond.  The testimony at the hearing was sufficient to give the trial court "reason to believe, based on competent evidence" that defendant's release would pose a danger to another person or the community.  Accordingly, I would grant the writ application, reverse the trial court's ruling, and deny defendant's motion for an appeal bond.

**FHW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/01/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-KH-413**

### E-NOTIFIED

40th District Court (Clerk)
Honorable Franz L. Zibilich (DISTRICT JUDGE)
Honorable J. Sterling Snowdy (DISTRICT JUDGE)
Carol Anne Kolinchak (Respondent)

Christopher N. Walters (Relator)
Grant L. Willis (Relator)

### MAILED

James E. Boren (Respondent)
Attorney at Law
830 Main Street
Baton Rouge, LA 70802

Honorable Jeffrey M. Landry (Relator)
Attorney General
Louisiana Department of Justice
Post Office Box 94005
Baton Rouge, LA 70804

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**A. Signature**

X Katie Wiles

☐ Agent
☐ Addressee

**B. Received by** *(Printed Name)*

K. WILSON

**C. Date of Delivery**

1. Article Addressed to:

James E. Boren
Attorney at Law
830 Main Street
Baton Rouge, LA 70802
23-KH-413          09-01-23

**D. Is delivery address different from item 1?** ☐ Yes
If YES, enter delivery address below: ☐ No

SECURITY

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 2434 6249 3572 83

**3. Service Type**
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ... Mail
☐ ... ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 7820

PS Form **3811**, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Honorable Jeffrey M. Landry
Attorney General
Louisiana Department of Justice
Post Office Box 94005
Baton Rouge, LA 70804
23-KH-413                     09-01-23

9590 9402 2434 6249 3572 90

2. Article Number (Transfer from service label)

7016 2070 0000 0954 7813

COMPLETE THIS SECTION ON DELIVERY

A. Signature

*Melissa Brown*

B. Received by (Printed Name)      SEP. 04 2023
Melissa Brown

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

SECURITY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt